IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

United States of America ex rel.

MICHAEL HILL R- 08259

(Full name and prison number)
(Include name under which convicted)

PETITIONER

vs.

TERRY McCANN

(Warden, Superintendent, or authorized
person having custody of petitioner)

RESPONDENT, and

(Fill in the following blank **only** if judgment
attacked imposes a sentence to commence
in the future)

ATTORNEY GENERAL OF THE STATE OF

LISA MADIGAN

(State where judgment entered)

CASE NO: _____

(Supplied by Clerk of this Court)

## 08CV1452
## JUDGE KENDALL
## MAG.JUDGE DENLOW

Case Number of State Court Conviction:

99 CR 23844

*Mar 11, 2008*

### PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1.  Name and location of court where conviction entered: COOK COUNTY COURTHOUSE
    2650 S. California Chicago, ILLinois, Judge Lon Shultz

2.  Date of judgment of conviction: August 22,2001

3.  Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
    First degree murder case no. 99 CR 23844

4.  Sentence(s) imposed: forty-five years

5.  What was your plea? (Check one)      (A) Not guilty      ( X )
                                         (B) Guilty          (   )
                                         (C) Nolo contendere (   )

    If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:
    DNA

**FILED**
PRIL 21, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# PART I -- TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):      Jury ( )      Judge only (X )

2. Did you testify at trial?    YES (X )      NO    ( )

3. Did you appeal from the conviction or the sentence imposed? YES (X )   NO ( )

    (A) If you appealed, give the

        (1) Name of court:  APPELLATE COURT OF ILLINOIS, 1st District

        (2) Result:    Conviction affirmed

        (3) Date of ruling:    May 13, 2003

        (4) Issues raised:  (1) Defendant was not proven guilty of the elements
of first degree murder beyond a reasonable doubt. (2) Defendant's
forty-five year sentence was excessive.

    (B) If you did not appeal, explain briefly why not:
      DNA

4. Did you appeal, or seek leave to appeal, to the highest state court? YES ( )    NO (X)

    (A) If yes, give the

        (1) Result    DNA

        (2) Date of ruling:    DNA

        (3) Issues raised:    DNA

    (B) If no, why not: Private attorney, Matthew McQUAID, promised to file the
appeal; however, he never fulfilled his promise.

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes ( )  No (X)

    If yes, give (A) date of petition: DNA      (B) date *certiorari* was denied: DNA

2

## PART II -- COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES (X) NO ( )

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

A. Name of court: COOK COUNTY COURTHOUSE, CRIMINAL DIVISION, Judge Shultz

B. Date of filing: July 1, 2004

C. Issues raised: (1) Petitioner was denied his sixth amendment right to effective assistance of counsel where (a) trial counsel had a conflict of interest and continued to represent him. (See Exhibit A

D. Did you receive an evidentiary hearing on your petition?    YES ( ) NO (X)

E. What was the court's ruling? Summary dismissal

F. Date of court's ruling: August 24, 2004

G. Did you appeal from the ruling on your petition?    YES (X) NO ( )

H. (a) If yes,  (1) what was the result?    Dismissal affirmed

            (2) date of decision:  April 19, 2006

    (b) If no, explain briefly why not: DNA

I. Did you appeal, or seek leave to appeal this decision to the highest state court?

    YES (X) NO ( )

    (a) If yes,  (1) what was the result?    Petition for leave to appeal was denied.

            (2) date of decision:  November 2006

    (b) If no, explain briefly why not: DNA

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( X )     NO ( )

A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

1. Nature of proceeding    Habeas Corpus

2. Date petition filed    July 6, 2007

3. Ruling on the petition    Denied

3. Date of ruling    September 14, 2007

4. If you appealed, what was the ruling on appeal?    DNA

5. Date of ruling on appeal    DNA

6. If there was a further appeal, what was the ruling ?    DNA

7. Date of ruling on appeal    DNA

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?     YES ( )   NO (X)

A. If yes, give name of court, case title and case number:    DNA

B. Did the court rule on your petition?  If so, state

(1) Ruling:    DNA

(2) Date:    DNA

4. WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?

YES ( )   NO ( X )

If yes, explain:    DNA

PART III - PETITIONER'S CLAIMS

(A) Ground one:

Petitioner's sixth amendment right to conflict free counsel was violated when trial counsel, Leonard Shultz, admitted to Petitioner and his family that a conflict of interest existed ,but counsel failed to inform the court or withdraw as counsel.

On September 22,1999 Mr. Shultz filed an appearance in court on behalf of Petitioner.  After receiving approximately eight thousand dollars from Petitioner and his family Mr. Shultz suddenly realized that he had a conflict of interest in that he was friends with the  victim and his family. Mr. Shultz informed Petitioner's parents of this conflict. (see exhibits $\mathcal{B}$ , $\mathcal{C}$ , $\mathcal{D}$.)

However, Mr. Shultz did not withdraw as counsel ,nor did he inform the court of his conflict of interest. Instead Mr. Shultz brought in his colleague Michael Krejci, as co-counsel, who filed an appearance on a pre-printed form prepared by Mr. Shultz, on March 16, 2000.

Mr. Shultz's actions accomplished nothing more than imputing his conflict of interest on to Mr. Krejci.

During the course of the court dates and trial Mr. Shultz would enter the courtroom and waive and nod to the victim's family.

Mr. Shultz also continued to sit with Mr. Krejci at the defense table ,and advise Mr. Krejci through out the course of the proceedings, thus further imputing the conflict of interest on to Mr. Krejci and tainting his performance.

The sixth amendment right to effective assistance means,inter alia, assistance by an attorney whose allegiance to his client is not diluted by conflicted or inconsistent obligations.

In this case, Mr. Shultz's failure to withdraw or inform the court was deficient performance ,and this deficiency was imputed to Michael Krejci.

Petitioner was prejudiced by counsel's performance in that counsel did not make adequate pre-trial investigations, failed to present an effective defense, made erroneous stipulations, and caused petitioner to waive his right to a jury trial.

PART III - PETITIONER'S CLAIMS PAGE TWO

(A) Ground one continued:

Mr. Shultz told Petitioner that it was "better not to take a jury trial ,because he didn't want twelve people he did not know judging him." Then Mr. Krejci, in cohoots with Mr. Shultz, told Petitioner that it was better to take a bench trial because, "he had a lawyer and a judge with the same last name."
(See exhibits $B$ , $C$ , $D$ .)

In conclusion, Petitioner's conviction must be reversed because defense counsel had a conflict of interest stemming from his relationship to the victim and his family which was adverse to the Petitioner ,and the court was not informed of this conflict ,nor did Petitioner sign a waiver form.

(B) Ground Two:

Petitioner's sixth amendment rights to effective assistance of counsel ,and his right to confront witnesses was violated when counsel stipulated to evidence and testimony without Petitioner's knowledge or consent.

Petitioner was on trial for first degree murder. At trial Petitioner testified that he struck the victim with a baseball bat in the back of the head once ,maybe twice, after the victim reached into is jacket; causing Petitioner to believe he was reaching for a gun. The defense's theory was that Petitioner acted in self defense.

The State offered the stipulated testimony of Dr. James Filkins ,and defense counsel agreed to the stipulation ,which caused Dr. Filkins' autopsy to be entered into evidence. Filkins' stipulated testimony ;however, noted 13 areas of external injury.

Trial counsel's stipulation to this evidence was deficient, in that, not only did it substantially impeach Petitioner's testimony, but the stipulated evidence also undermined the defense of self defense ,and coupled with Petitioner's testimony, amounted to a concession of guilt to all of the elements of first degree murder.

PART III - PETITIONER'S CLAIMS PAGE THREE

(B) Ground two continued:

It can not be said that this stipulation was the result of sound trial strategy ,because no reasonable effective attorney would have impeached his own client ,nor would an effective attorney concede to the elements of the offense charged, first degree murder.

Counsel should not have stipulated to this evidence. Instead he should have investigated the injuries and determined whether they were superficial or not. Whether the injuries could have been caused by a man kicking the victim telling him to get up after Petitioner left the scene, as a State witness testified to at trial. He also should have determined which injuries were in fact inflicted by a blunt object ,in this case a baseball bat, and which injuries contributed to the death. After conducting a proper investigation and determining the above factors counsel should have cross-examined Dr. Filkins and revealed the results. If,however, after his investigation he determined that cross-examination would  be fruitless counsel should have informed his client of his intentions to stipulate to the evidence.

However, counsel did not investigate or cross-examine Dr. Filkins as to the superficiality of the injuries. Instead he stipulated to the damaging results doing nothing more than impeaching his own client and conceding to Petitioner's guilt; Which was tantamount to stipulating to the State's entire case. Thus, counsel's actions were deficient ,and no reasonable effective attorney faced with the same circumstances would have stipulated to such damaging evidence.

Petitioner was prejudiced by counsel's actions not only by the facts cited above,namely being impeached and counsel's concession of guilt, but also by the fact that at sentencing the trial judge considered the "multiple" injuries inflicted on the victim when sentencing the Petitioner to forty-five years; which is twenty-five years over the minimum sentence that the court could have imposed.

Appellate counsel was also ineffective for not raising the above meritorious issue on direct appeal.

PART III - PETITIONER's CLAIMS PAGE FOUR

(B) Ground two continued:

In conclusion, Petitioner prays that this court finds that his sixth amendment rights to confrontation and effective assistance of counsel was violated.

(C) Ground three:

Petitioner's sixth amendment right to effective  assistance of counsel was violated by trial counsel's failure to investigate and impeach State's witness.

At trial, Kobayashi Wylie testified that she saw Petitioner hit the victim twice with a baseball bat.

However, Ms. Wylie told Petitioner's parents,in the presence of Leonard Shultz, that she did not see what happened and that she did not want to testify. Wylie's mother also implied that Wylie's testimony was not voluntary, saying she was taken from school and pressured to testify against Petitioner. See exhibits $C, D$ .

Trial counsel was deficient for not investigating these statements further and impeaching Ms. Wylie's testimony at trial.

Petitioner acknowledges that generally the decision to call a witness or what impeachment evidence to use is a matter of trial strategy.

However, matters that are generally deemed trial strategy are not immune from review ,and it was unsound trial strategy for trial counsel not to impeach the only State witness that testified that she saw the Petitioner hit the victim twice with a baseball bat; when she admitted out of court that she didm't want to testify and she didn't see Petitioner strike the victim.

Petitioner was prejudiced by counsel's inaction ,because if Wylie's testimony was impeached the trial court would have been less likely to find Petitioner guilty of first degree murder.

Furthermore, the trial court would not have sentenced Petitioner to twenty-five years over the twenty year minimum if it did not consider Wylie's testimony when concluding that "multiple" wounds were inflicted. As Wylie was the only eye witness to testify for the State that the Petitioner struck the victim more than once.

PART III - PETITIONER'S CLAIMS PAGE FIVE
(C) Ground three continued:

In conclusion, Petitioner prays that this court finds that his sixth amendment right to effective assistance of counsel was violated.

(D) Ground four:

Petitioner's fourteenth amendment right to due process of law and his sixth amendment right to effective assistance of counsel was violated when Appellate counsel failed to perfect a Petition for leave to appeal.

Petitioner's direct appeal was denied on May 13, 2003.

Petitioner's appellate attorney, Matthew McQuaid, then wrote Petitioner informing him;

"The Illinois Appellate court has denied your appeal. I have enclosed their order. I will file a Petition for Leave to appeal to the Illinois supreme Court." See exhibit $\mathcal{C}$.

However, appellate counsel did not file a Petion for Leave to Appeal, thus denying petitioner due process of law ,and effective assistance of appellate counsel.

Counsel's inaction not only deprived Petitioner of his due process right to litigate his appeal at the state level ,but counsel's inaction also deprived Petitioner of the due process right to present the issues raised in his direct appeal to this court in his Federal Habeas Corpus petition.

Thus, counsel was ineffective and Petitioner's due process rights were violated. Petitioner prays that this court will agree with him that his right were violated.

(C)   Ground three
      Supporting facts:



(D)   Ground four
      Supporting facts:

2    Have all grounds raised in this petition been presented to the highest court having jurisdiction?
     YES (X)    NO ( )

3.   If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:

                    DNA

6

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing ~~Leonard Shultz~~ 55 W. Superior Chicago IL.
Leonard Shultz

(B) At arraignment and plea _____

(C) At trial   Leonard Shultz,and Michael krejci   115w.55th,suite400 Clarendon hills

(D) At sentencing   Leonard Shultz , Michael Krejci _____

(E) On appeal   Matthew J.McQuaid 53 west Jackson BLVD suite 1420 Chicago,IL

(F) In any post-conviction proceeding   Pro se ,appellate defender

(G) Other (state):   Pro se _____

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )  NO ( X )

Name and location of the court which imposed the sentence:   DNA

Date and length of sentence to be served in the future   DNA

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _____        _____
(Date)                          Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_____
(Signature of petitioner)

_____
(I.D. Number)

_____
(Address)

REVISED 01/01/2001

Respectfully,

x _Michael Hill_
Michael Hill

Subscribed and sworn to before me this

4th Day of March _____ 200 8

_Cristal J Man_

Notary public                    7

Reg no. R-08259
Stateville Corr,ctr
p.o. box-112
Joliet ,Illinois 60434

11/10/2008

EXHIBIT A

C. Issues raised:

(b) Trial counsel failed to investigate, and impeach relevant witness. (c) Trial counsel agreed to stipulated testimony without Petitioner's informed consent, thus depriving Petitioner of his sixth amendment right to confront witnesses. ,and (d) Appellate counsel was ineffective for failing to fully pursue Petitioner's rights on appeal ,and file a Petition for Leave to Appeal to the Illinois Supreme Court.

STATE OF ILLINOIS )
                 ) SS.
COUNTY OF <u>WILL</u>   )

Exhibit B

## AFFIDAVIT

I, <u>Michael Hill</u>, being first duly sworn under oath deposes and states thatthe foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto, the affiant states as follows:

1) That I am the affiant, in the above cause.

2) That I am currently incarcerated in the Illinois Department of Corrections.

3) That the petitioner family hired Leoanrd Schultz to defend me at trial. Mr. Schultz decide that he had a conflict of interest and brought in Michael Krejci to fix the conflict after he accepted the money.

4) The attorney Leonard Schultz told me to tell my family that I don't want twelve people to judge you that you don't know.

5) When Mr. krejci, took it a little bit further to say that we have an attorney with the same name of the judge, to tell my family that.

6) When Mr. Krejci was ask did he investigate the case at hand and did he find the witnesses name Jasmine.

7) He told us that he had his investigators on it and soon as he came up he'll let us know.

8) I call home and found out that Kobayashi Wylie and her mother told my family that she was picked up from school.

9) Also that her mother didn't know where she was until the

Exhibit B

day of the trial. And that the states attorney told her that she might as well testify that White Mike friends is probably waiting on her.

10) When all this was said Leonard Schultz was standing there with the family, waving his hand by his head saying the mother is crazy.

11) The attorney Michael Krejci was told of the the events that took place and that Mr. Leonard Schultz was standing right there. He stated that he would put an investigator on it.

12) The attorney Michael Krejci never told that, Leonard Schultz had a conflict of interest with my case. Or did he inform the Court of that in front of me.

13) Nor did Leonard Schultz tell me that he had a conflict of interest with me why he was advising me of what to do.

14) The attorney Michael Krejci should have advise me that Leonard Schultz was in a conflict of interest with me, also the court since he was brought in by him.

15) After learning this of both attorneys, petitioner and his family asked the appeal attorney Matthew J. McQuaid to file ineffective assistance of counsel and failure to investigate the witnesses.

16) The appeal attorney Matthew J. McQuaid, said he would get an investigator on it to see if we could use any of what been said or whether the information given to the attorney's would be able to use as to their ineffectiveness of their work.

Qxhibit B

17) I later found out that Matthew J. McQuaid was recommend by Michael Krejci, as an appeal specialist.

18) The petitioner and his family explain to Matthew J. McQuaid, that they wanted to raise ineffective assistance of counsel against both counsel's and a conflict of interest against both attorney's.

19) The attorney stated that he will go with what he had.

20) Upon losing the appeal, the atorney stated that he will file an Leave To Appeal on that.

21)  I haven't receive an petition from attorney Matthew J. McQuaid as he stated in his letter. It just like he commit a new conflict of interest by not doing what he said.

22) Still to this day I haven't receive any petition from this attorney or did he file the issues that I wanted.

23) After the letter stating what he was going to do I haven't heard nothing else from him.

**FURTHER AFFIANT SAYETH NOT.**

Respectfully Submitted,

*J. Michael Hill*
MICHAEL HILL
Reg. No. R-08259
Stateville Corr. Ctr.
P.O. BOX 112
Joliet, Illinois 60434

SUBSCRIBED AND SWORN TO BEFORE ME THIS

25th DAY OF June 2004.

*Phyllis Baker*
N O T A R Y   P U B L I C

```
"OFFICIAL SEAL"
Phyllis Baker
Notary Public, State of Illinois
My Commission Exp. 01/21/2007
```

STATE OF ILLINOIS )

                  ) SS.

COUNTY OF <u>COOK</u>  )

*Exhibit C*

## <u>AFFIDAVIT</u>

I, <u>Shirlene Hill</u>, being first duly sworn under oath deposes and states that the foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto, the affiant states as follows:

1) That I am the affiant, in the above cause.

2) I am the mother of the petitioner Michael J. Hill in the above caption case 99 CR 23844.

3) That me and my husband initially hired Leonard Schultz, an attorney, to defend my son and investigate the matter. After being paid most of his attorney fees, Mr. Schultz suddenly decided he had a conflict of interest working so close with the City, and bought in another attorney, Michael Krejci, to defend my son and investigate the matter.

4) The attorney Leonard Schultz, before bringing in Michael Krejci, told my son to tell me and my husband it is better not to take a bench trial because "you don't want twelve people you don't know judging you".

5) Attorney  Michael Krejci told my son to tell me and my husband it is better to take a bench trial because he had a lawyer and a judge with the same last name.

6) Attorney Michael Krejci also stated he talked to all witnesses and we had nothing to worry about.

7) I informed  Michael Krejci as to what Ms. Kobayashi Wylie and her mother stated to my husband and I  in the courthouse.

8) Attorney Schultz  was standing there when we received this information.

9) Ms. Kobayshi Wylie told my husband and I that she in fact did not see what happened and that she did not want to testify.

10) Ms. Kobayashi Wylie mother's stated that her dughter was taken from school without her knowledge.

11) Ms. Kobayashi Wylie's mother said the police had her daughter locked up for two days before she knew where she was. By the time she located her dayghter, the trial had begun.

12) The State's attorney had told Mrs. Wylie and her daughter "White Mike's" friends are probably going to get her so she better testify.

13) I told Attorney Michael Krejci that Attorney Schultz just shrugged his shoulders and said "the mother is crazy".

14) Attorney Michael Krejci gave a first name of some witness, named Jasmine, but said him or his investigators could find her.

15) Upon losing the case, Attorney Michael Krejci gave us the name of another attorney who specializes in appeals; the Attorney's name was Matthew J. McQuaid.

16) Upon receiving information from Kobayashi Wylie and her mother, we shared the concern with Matthew J. McQuaid that we shared with Michael Krejci. He stated "he will get his investigators right on it".

17) Instead we haven't heard anything from him on either issue.

18) When the case was lost, attorney Matthew J. McQuaid said he would file a Leave To Appeal.

19) We haven't heard anything else from this attorney concerning the matters at hand.

**FURTHER AFFIANT SAYETH NOT.**

Respectfully Submitted,

_Shirlene Hill_

Shirlene Hill

**SUBSCRIBED AND SWORN TO BEFORE ME THIS**

12 TH **DAY OF** MAY 200 4 .

_____
**NOTARY PUBLIC**

> "OFFICIAL SEAL"
> DAVID J. KRANICKE
> Notary Public, State of Illinois
> My Commission Expires May 24, 2004

STATE OF ILLINOIS )
              ) SS.
COUNTY OF <u>COOK</u>   )

Exhibit D

## <u>AFFIDAVIT</u>

I, <u>Larry Bates,</u> being first duly sworn under oath deposes and states that the foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto, the affiant states as follows:

1) That I am the affiant, in the above cause.

2) I am the father of the petitioner Michael J. Hill in the above caption case 99 CR 23844.

3) That me and my wife initially hired Leonard Schultz, an attorney, to defend my son and investigate the matter. After being paid most of his attorney fees, Mr. Schultz suddenly decided he had a conflict of interest and bought in another attorney, Michael Krejci to defend my son and investigate the matter.

4) The attorney Leonard Schultz, before bringing in Michael Krejci, told my son to tell me and my wife it is better to take a bench trial because "you don't want twelve people you don't know judging you"..

5) Attorney  Michael Krejci told my son to tell me and my wife it is better to take a bench trial because he had a lawyer and a judge with the same last name.

6) Attorney Michael Krejci also stated he talked to all witnesses and we had nothing to worry about.

7) I informed  Michael Krejci as to what Kobayashi Wylie and her mother stated to my wife and I in the courthouse.

8) Attorney Schultz  was standing there when we received this information.

9) Ms. Kobayshi Wylie told my wife and I that she in fact did not see what happened and that she did not want to testify.

10) Ms. Kobayashi Wylie mother stated that she was taken from school without her knowledge.

11) Ms. Kobayashi Wylie's mother said the police had her daughter locked up for two days before she knew where she was.. By the time she located her daughter, the trial had begun.

12) The State's attorney had told Mrs. Wylie and her daughter "White Mike's" friends are probably going to get her so she better testify.

13) I told Attorney Michael Krejci that Attorney Schultz just shrugged his shoulders and said "the mother is crazy".

14) Attorney Michael Krejci gave a first name of some witness, named Jasmine, but said him or his investigators could find her.

15) Upon losing the case, Attorney Michael Krejci gave us the name of another attorney who specializes in appeals; this Attorney's name was Matthew J. McQuaid.

16) Upon receiving information from Kobayashi Wylie and her mother, we shared the concern with Matthew J. McQuaid that we shared with Michael Krejci. He stated "he will get his investigators right on it".

17) Instead we haven't heard anything from him on either issue.

18) When the case was lost, attorney Matthew J. McQuaid said he would file a Leave To Appeal.

19) We haven't heard anything else from this attorney concerning the matters at hand.

**FURTHER AFFIANT SAYETH NOT.**

Respectfully Submitted,

*Larry Bates*
Larry Bates

SUBSCRIBED AND SWORN TO BEFORE ME THIS

_14 th_ DAY OF _May_ 2004 .

NOTARY PUBLIC

"OFFICIAL SEAL"
LEONARDO CEPEDA
Notary Public, State of Illinois
My Commission Expires Sept. 26, 2006

**MATTHEW J. McQUAID**
ATTORNEY AT LAW
53 WEST JACKSON BOULEVARD
SUITE 1420
CHICAGO, ILLINOIS 60604
(312) 726-9015
PAGER: (312) 272-2019
CELL: (312) 952-6524

3/24/03

MICHAEL,

THE ILLINOIS APPELLATE COURT HAS DENIED YOUR APPEAL. I HAVE ENCLOSED THEIR ORDER. I WILL FILE A PETITION FOR LEAVE TO APPEAL TO THE ILLINOIS SUPREME COURT.

1    running.

2       Q    Okay.  And he ran right by you?

3       A    Yeah.  Then I stopped and I said, why

4    did you do that.

5       Q    It's your testimony that he said

6    something to you like shut up, is that right?

7       A    Yes.

8       Q    Now, at that point in time were there

9    other people still around the man that got hit

10   with the bat when you got to the area where you

11   saw him lying on the ground?

12      A    Everybody was moving.  It was just one

13   person out there kicking the man, telling him to

14   get up. I don't know what his name is.  I don't

15   know him.

16      Q    So there's another man there who was

17   kicking the person, telling him to get up?

18      A    Yes. Everybody else was trying to walk

19   away.  Everybody else was hurt and crying and

20   scared and all of that stuff.

21      Q    Did you see what that man looked like

22   that was kicking him?

23      A    Dark-skinned, braids.

24      Q    Did you ever see him before?

*Law Offices*
*LEONARD A. SCHULTZ, JR.*
*55 W. Superior*
*4th floor*
*Chicago, IL. 60610*
*312-943-5833 OFFICE*
*312-943-5973 FAX*

Check# 5206

*RECEIPT*

*RECEIVED FROM* Shirlene Hill

*THE SUM OF $* 1,000 00 *THIS* 2nd *DAY OF*
Aug *, 19* 99 *FOR THE LEGAL*

*SERVICES TO BE RENDURED CONCERNING THE MATTER OF*
Michael Hill

*RECEIVED:* Leonard Schultz

*PAID BY:* Shirlene Hill

*Law Offices*
*LEONARD A. SCHULTZ, JR.*
*55 W. Superior*
*4th floor*
*Chicago, IL. 60610*
*312-943-5833 OFFICE*
*312-943-5973 FAX*

## RECEIPT

RECEIVED FROM Shirlene Hill

THE SUM OF $ 2,500.00 THIS 22nd DAY OF

December , 19 99 FOR THE LEGAL

SERVICES TO BE RENDURED CONCERNING THE MATTER OF

Michael Hill

RECEIVED: Bud Schultz

$2,000.00 Money order    PAID BY: Shirlene Hill
  500.00 check
_____
$2,500.00 Total

0910

THIS DOCUMENT HAS AN ARTIFICIAL WATERMARK PRINTED ON THE BACK.
THE FRONT OF THE DOCUMENT HAS A MICRO-PRINT SIGNATURE LINE. ABSENCE OF THESE FEATURES WILL INDICATE A COPY

**501  0668266**

**usbank.**

69-35/519

**OFFICIAL CHECK**
**REMITTER**

PRESENT FOR PAYMENT WITHIN 6 MONTHS OF THIS DATE.

DATE NOVEMBER 04, 1999

SHIRLENE HILL

**PAY TO THE**
**ORDER OF**    LEONARD A. SCHULTZ

$7,000.00

The sum of 7,000 dol's 00 cts

**DRAWER: U.S. BANK**

AUTHORIZED SIGNATURE

**NOTICE TO CUSTOMERS**

As a condition to this institution's issuance of this check, pur-
chaser agrees to provide an appropriate indemnity or affidavit
prior to the refund or replacement of this check in the event it
is lost, misplaced, or stolen. In most states, a waiting period of
90 days applies.

ISSUED BY: TRAVELERS EXPRESS COMPANY, INC.
DRAWEE: ONE VALLEY BANK, N.A. CHARLESTON, WV

⑆051900353⑆0060⑈ 0668 2665⑈ 88

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL HILL,
      PETITIONER,

   -VS-

WARDEN TERRY McCANN,
      RESPONDENT.

)
)
)
)
)
)
)
)
)
)

## PROOF OF SERVICE

TO:     U.S DISTRICT COURT
        NORTHERN DISTRICT OF ILLINOIS
        EASTERN DIVISION
        219 South Dearborn ,20 floor
        Chicago, IL   60604

   Please, be advised that on ___3-4-___ ,2008 3 copies of a
Habeas Corpus Petition was placed in the Stateville Corr. Ctr's
mail system to be mailed via the U.S. postal service.
   Petitioner respectfully asks that one of the enclosed copies
be stamped-filed and mailed back to him.

   The undersigned, being first duly sworn on oath, deposes and
says that the above is true under penalty of law.

                    RESPECTFULLY,
                 X *Michael Hill*
                   MICHAEL HILL
                 Reg no, R-08259
                 Stateville Corr, Ctr
                 P.O. box 112
                 Joliet, ILLinois 60434

Subscribed and sworn to before me this
4th Day of March _____ 2008 ,

Crystal Z Mason
Notary    public