IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel.<br>  MICHAEL HILL, | ) <br> ) <br> ) | |
| Petitioner, | ) <br> ) | |
| v. | ) <br> ) | No. 08 C 1452 |
| TERRY MCCANN, Warden,<br>  Stateville Correctional Center, | ) <br> ) <br> ) | The Honorable<br>Virginia M. Kendall, |
| Respondent. | ) | Judge Presiding. |

## **MOTION TO DISMISS**

Pursuant to 28 U.S.C. § 2244(d), Rule 4 of the Rules Governing Section 2254 Cases, and this Court's Orders dated April 28, 2008 and May 14, 2008 (Docs. 8, 12), respondent TERRY MCCANN moves this Court to dismiss with prejudice the petition for writ of habeas corpus filed in the above-captioned cause because the petition is time-barred.  *See* 28 U.S.C. § 2244(d).

## **BACKGROUND**

1.  Petitioner Michael Hill is incarcerated at the Stateville Correctional Center in Joliet, Illinois, and is identified as prisoner number R08259.  Terry McCann, the warden of that facility, has custody of petitioner.

2.  On August 22, 2001, petitioner was convicted of first degree murder after a bench trial in the Circuit Court of Cook County.  Pet. at 1; Rule 23 Order, *People v. Hill*, No. 1-04-3459 (Ill.App. 2006) (Exh. C) at 1; Certified Statement of

Conviction/Disposition, *People v. Hill*, No. 99-CR-2384401 (Cook Cty. Cir. Ct.) (Exh. A) at 5.  On October 22, 2001, petitioner was sentenced to 45 years in prison.  Pet. at 1; Exh. C at 1; Exh. A at 6.

    3.    Defendant appealed, and the state appellate court affirmed on February 28, 2003.  Rule 23 Order, *People v. Hill*, No. 1-01-4289 (Ill.App. 2003) (Exh. B).  Petitioner did not file a petition for leave to appeal (PLA) in the Illinois Supreme Court, although he claims that his attorney promised to submit such a filing.  Pet. at 2.

    4.    On July 1, 2004, petitioner filed a petition for postconviction relief (PC) under 725 ILCS 5/122-1, *et seq.*, raising three claims:

    (a)    his trial counsel was constitutionally ineffective for failing to call certain witnesses and failing to investigate;

    (b)    the evidence was insufficient to find him guilty beyond a reasonable doubt; and

    (c)    his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective.

*See* Order dismissing postconviction petition as frivolous, *People v. Hill*, 99-CR-23844 (Ill.App. 2004) (Exh. D) at 1.  The trial court dismissed the PC as frivolous on August 24, 2004.  *Id.* at 1, 5.

    5.    Petitioner appealed, and the state appellate court affirmed on April 19, 2006.  Exh. B at 14.

6.    Petitioner filed a PLA that the Illinois Supreme Court denied on September 27, 2006. Order denying PLA, *People v. Hill*, No. 102843 (Ill. 2006) (Exh. E).

7.    Petitioner alleges that on July 6, 2007, he filed a petition for habeas relief in state court, *see* 735 ILCS 5/10-101, *et seq.*, which was denied on September 14, 2007. Pet at 3. Respondent has so far been unable to obtain information on this state habeas case.

8.    On March 4, 2008, petitioner filed the instant petition for habeas relief under 28 U.S.C. § 2254(d), raising five claims:

(a)    he was denied his Sixth Amendment right to conflict-free counsel;

(b)    he was denied his Sixth Amendment right to effective assistance of counsel and right to confrontation because counsel stipulated to the expert testimony;

(c)    his appellate counsel was ineffective for failing to raise claim (b), above;

(d)    his trial counsel was ineffective for failing to investigate and failing to impeach witnesses; and

(e)    he was denied due process and his Sixth Amendment rights when counsel failed to file the direct appeal PLA.

Pet. at 5-9.

9.	The following state court materials are being contemporaneously filed as exhibits to this motion:

Exhibit A:	Certified Statement of Conviction/Disposition, *People v. Hill*, No. 99-CR-2384401 (Cook Cty. Cir. Ct.);

Exhibit B:	Rule 23 Order, *People v. Hill*, No. 1-01-4289 (Ill.App. 2003);

Exhibit C:	Rule 23 Order, *People v. Hill*, No. 1-04-3459 (Ill.App. 2006);

Exhibit D:	Order dismissing postconviction petition as frivolous, *People v. Hill*, 99-CR-23844 (Ill.App. 2004); and

Exhibit E:	Order denying PLA, *People v. Hill*, No. 102843.

## ARGUMENT

10.	This Court should dismiss the petition because it was filed after the expiration of the applicable statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA).  *See* 28 U.S.C. § 2244(d) ("A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court.").

11.	The appellate court affirmed petitioner's judgment of conviction on February 28, 2003.  Exh. B.  At that point in time, petitioner had 21 days from the entry of the state appellate court's judgment to file a PLA in the Supreme Court of Illinois, unless he filed an affidavit of intent to file a PLA, which would extend his time to file a PLA to a total of 35 days.  *See* Ill. Sup. Ct. R. 315(b) (West 2004).  Petitioner never filed an affidavit of intent or a PLA.  Whether he had 21 or 35 days

to file a PLA is of no moment as his habeas petition is untimely in either event. Because petitioner did not file a PLA, he was not entitled to seek review in the United States Supreme Court. *See* Sup. Ct. R. 13.1. Thus, giving petitioner the benefit of the longer 35-day period, his conviction became final on April 4, 2003, upon "the expiration of the time for seeking [direct] review" in state court. *See* 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period began to run on that date. *See Owens v. Boyd*, 235 F.3d 356, 357 (7th Cir. 2000) ("the conclusion of direct review occurred . . . thirty-five days after the state's appellate court affirmed his conviction and sentence"); 28 U.S.C. § 2244(d)(1)(A); *cf. Dorsey v. Hulick*, 2008 WL 2168738, *2 (N.D. Ill. 2008) (petitioner's conviction became final under Section 2244(d)(1)(A) 21 days after state appellate court affirmed conviction on direct appeal because petitioner did not file PLA or affidavit of intent).

12.  As the statute of limitations began to run on April 4, 2003, his Section 2254 petition was due one year later, on April 4, 2004. *See* Fed R. Civ. P. 6(a); *see also United States v. Marcello*, 212 F.3d 1005, 1009-10 (7th Cir. 2000) (relying on Rule 6(a) to adopt "anniversary method" to calculate AEDPA's limitations period for Section 2255 petitions); 28 U.S.C. § 2244(d). Petitioner did not file his habeas petition in this Court until March 4, 2008, and the petition is untimely on its face.

13.  Petitioner did file a state PC on July 1, 2004, *see* Pet. at 3; Exh. D at 1, and AEDPA's one-year limitations period is tolled during the pendency of a properly filed application for postconviction relief. *See* 28 U.S.C. § 2244(d)(2). However, July

1, 2004 fell well after the April 4, 2004 expiration of the one-year limitations period. Thus, the period in which petitioner could file a Section 2254 petition had expired by the time petitioner filed his state collateral attack, and the habeas petition therefore is untimely. *Graham v. Borgen*, 483 F.3d 475, 482 (7th Cir. 2007) (collateral motion in state court had no tolling effect under Section 2244(d)(2) when it was filed after expiration of limitations period). Moreover, a PC does not restart the calculation of the limitations period. *See Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007) (one-year limitations period expired before petitioner even filed state collateral attack, which did not restart clock); *Love v. Trancoso*, 2004 WL 1660629, at *2 (N.D. Ill. 2004) (rejecting argument that time lapsing before filing of postconviction petition does not count against one-year limitations period) (citing *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2000) ("[P]roper calculation of section 2244(d)(2)'s tolling provision *excludes* time during which properly filed state relief applications are pending but does not *reset* the date from which the one-year statute of limitations begins to run.") (emphasis in original)); *see also United States ex rel. Arrieta v. Briley*, 2004 WL 407005, *2 (N.D. Ill. Feb. 20, 2004) (filing of PC does not reset limitations clock), *aff'd sub nom. Arrieta v. Battaglia*, 461 F.3d 861 (7th Cir.

2006).[1]  Thus, petitioner's habeas petition is untimely and should be dismissed with prejudice on that basis.

15. Petitioner has not argued for — and there are no discernible grounds to support — the application of equitable tolling, which is available only when "extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir. 2005) (internal quotation omitted); *see also Arrieta v. Battaglia*, 461 F.3d at 867 (equitable tolling permissible only under "extraordinary circumstances" outside of petitioner's control and through no fault of his own). A litigant seeking equitable tolling must demonstrate two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

15. To the extent that petitioner might claim that his attorney was negligent in failing to file a direct PLA, and that this omission is an adequate ground for equitable tolling, such an argument should be rejected. In *Jones v. Hulick*, 449 F.3d 784 (7th Cir. 2006), the Seventh Circuit found that the petitioner was not entitled to equitable tolling even though petitioner alleged that an "organization called University Legal Services falsely promised to prepare and file

---

[1] As noted above (¶ 7), respondent has not been able to verify petitioner's claim that he filed a petition for habeas relief in state court on July 6, 2007, which was denied on September 14, 2007. Pet. at 3. Because the limitations period had expired long before 2007, the instant petition is untimely whether or not the information about this state habeas petition is correct.

his habeas petition." *Id.* at 789.  It is also well-settled that petitioner's ignorance of law and alleged non-responsiveness of his attorney do not warrant equitable tolling. *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001); *see also Arrieta*, 461 F.3d at 867 (lack of legal expertise, bad lawyering, or mistakes of law do not excuse late habeas petition under equitable tolling doctrine); *Williams v. Sims*, 390 F.3d 958, 963-64 (7th Cir. 2004) (same).

16.    Here, petitioner has not pled facts that demonstrate extraordinary circumstances outside of his control that prevented the timely filing of a habeas petition despite the exercise of reasonable diligence.  Case law instructs that an attorney's failure to file a PLA, is insufficient to invoke the doctrine. *Jones*, 449 F.3d at 879.  Because the petition was filed well after the statute of limitations expired and there are no grounds for equitable tolling, this Court should dismiss the petition with prejudice.

## **CONCLUSION**

This Court should dismiss with prejudice petitioner's petition for writ of habeas corpus because it is time-barred under 28 U.S.C. § 2244(d)(1)(A). If this Court determines that the petition is not time-barred, respondent respectfully requests an opportunity to address in a subsequent pleading the merits of, or any procedural or other defenses to, the claims presented in the petition.

June 18, 2008                                    Respectfully submitted,

                                                 LISA MADIGAN
                                                 Attorney General of Illinois

                              By:    s/ Eldad Z. Malamuth
                                     ELDAD Z. MALAMUTH, Bar # 6275421
                                     Assistant Attorney General
                                     100 West Randolph Street, 12th Floor
                                     Chicago, Illinois 60601-3218
                                     TELEPHONE: (312) 814-2235
                                     FAX: (312) 814-2253
                                     E-MAIL: emalamuth@atg.state.il.us

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 18, 2008, I presented the attached **MOTION TO DISMISS** to the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

Michael Hill
R08259
Stateville Correctional Center
Route 53
P.O. Box 112
Joliet, Illinois 60434.

                                                  LISA MADIGAN
                                                  Attorney General of Illinois

By:    s/ Eldad Z. Malamuth
         ELDAD Z. MALAMUTH, Bar # 6275421
         Assistant Attorney General
         100 West Randolph Street, 12th Floor
         Chicago, Illinois 60601-3218
         TELEPHONE: (312) 814-2235
         FAX: (312) 814-2253
         E-MAIL: emalamuth@atg.state.il.us