IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JUN 1 8 2008 TC
6-18-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| United States of America ex rel.<br> MICHAEL HILL, | ) <br> ) <br> ) | |
| Petitioner, | ) <br> ) | |
| v. | ) <br> ) | No. 08 C 1452 |
| TERRY MCCANN, Warden,<br> Stateville Correctional Center, | ) <br> ) <br> ) | The Honorable<br> Virginia M. Kendall, |
| Respondent. | ) | Judge Presiding. |

## TO THE CLERK OF THE UNITED STATES DISTRICT COURT

The following exhibits are being filed under separate cover

contemporaneously with respondent's motion to dismiss the above-captioned

petition for writ of habeas corpus:

Exhibit A:  Certified Statement of Conviction/Disposition, *People v. Hill*, No.

99-CR-2384401 (Cook Cty. Cir. Ct.);

Exhibit B:  Rule 23 Order, *People v. Hill*, No. 1-01-4289 (Ill.App. 2003);

Exhibit C:  Rule 23 Order, *People v. Hill*, No. 1-04-3459 (Ill.App. 2006);

Exhibit D:  Order dismissing postconviction petition as frivolous, *People v.*

*Hill*, 99-CR-23844 (Ill.App. 2004); and

Exhibit E:  Order denying PLA, *People v. Hill*, No. 102843.

June 18, 2008

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By:

ELDAD Z. MALAMUTH, Bar # 6275421
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
TELEPHONE: (312) 814-2235
FAX: (312) 814-2253
E-MAIL: emalamuth@atg.state.il.us

2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS    Page 001

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 99CR2384401

    MICHAEL    HILL

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
with the Clerk of the Circuit Court.

Charging the above named defendant with:

    720-5/9-1(A)(1)                    F      MURDER/INTENT TO KILL/INJURE
    720-5/9-1(A)(2)                    F      MURDER/STRONG PROB KILL/INJURE
The following disposition(s) was/were rendered before the Honorable Judge(s):


10/21/99 IND/INFO-CLK OFFICE-PRES JUDGE          11/08/99 1701
    99CR2384401 ID# CR100650127
11/08/99 CASE ASSIGNED                           11/08/99 1730
    FITZGERALD, THOMAS R.
11/08/99 DEFENDANT IN CUSTODY
    WOOD, WILLIAM S.
11/08/99 DEFENDANT IN CUSTODY
    SHULTZ, LON W
11/08/99 PRISONER DATA SHEET TO ISSUE
    SHULTZ, LON W
11/08/99 APPEARANCE FILED
    SHULTZ, LON W
11/08/99 DEFENDANT ARRAIGNED
    SHULTZ, LON W
11/08/99 PLEA OF NOT GUILTY
    SHULTZ, LON W
11/08/99 CONTINUANCE BY AGREEMENT                11/22/99
    SHULTZ, LON W
11/22/99 DEFENDANT IN CUSTODY
    SHULTZ, LON W
11/22/99 PRISONER DATA SHEET TO ISSUE
    SHULTZ, LON W
11/22/99 CONTINUANCE BY AGREEMENT                12/10/99
    SHULTZ, LON W
12/10/99 DEFENDANT IN CUSTODY                    00/00/00
    SHULTZ, LON W
12/10/99 PRISONER DATA SHEET TO ISSUE            00/00/00
    SHULTZ, LON W

EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 002

PEOPLE OF THE STATE OF ILLINOIS

VS                              NUMBER 99CR2384401

MICHAEL        HILL

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

| | |
|---|---|
| 12/10/99 CONTINUANCE BY AGREEMENT | 02/10/00 |
| SHULTZ, LON W | |
| 12/10/99 DEFENDANT IN CUSTODY | 00/00/00 |
| SHULTZ, LON W | |
| 12/10/99 PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| SHULTZ, LON W | |
| 12/10/99 CONTINUANCE BY AGREEMENT | 02/10/00 |
| SHULTZ, LON W | |
| 12/10/99 DEFENDANT IN CUSTODY | 00/00/00 |
| SHULTZ, LON W | |
| 12/10/99 PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| SHULTZ, LON W | |
| 12/10/99 CONTINUANCE BY AGREEMENT | 02/10/00 |
| SHULTZ, LON W | |
| 12/10/99 DEFENDANT IN CUSTODY | 00/00/00 |
| SHULTZ, LON W | |
| 12/10/99 PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| SHULTZ, LON W | |
| 12/10/99 CONTINUANCE BY AGREEMENT | 02/10/00 |
| SHULTZ, LON W | |
| 02/10/00 DEFENDANT IN CUSTODY | 00/00/00 |
| SHULTZ, LON W | |
| 02/10/00 PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| SHULTZ, LON W | |
| 02/10/00 CONTINUANCE BY AGREEMENT | 03/16/00 |
| SHULTZ, LON W | |
| 03/16/00 DEFENDANT IN CUSTODY | 00/00/00 |
| SHULTZ, LON W | |
| 03/16/00 PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| SHULTZ, LON W | |
| 03/16/00 APPEARANCE FILED | 00/00/00 |
| SHULTZ, LON W | |
| 03/16/00 CONTINUANCE BY AGREEMENT | 04/25/00 |
| SHULTZ, LON W | |
| 04/25/00 DEFENDANT IN CUSTODY | 00/00/00 |
| SHULTZ, LON W | |
| 04/25/00 PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| SHULTZ, LON W | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 003

PEOPLE OF THE STATE OF ILLINOIS

                        VS                    NUMBER 99CR2384401

      MICHAEL      HILL

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
04/25/00 CONTINUANCE BY AGREEMENT                     05/30/00
        SHULTZ, LON W
05/30/00 DEFENDANT IN CUSTODY                         00/00/00
        SHULTZ, LON W
05/30/00 PRISONER DATA SHEET TO ISSUE                 00/00/00
        SHULTZ, LON W
05/30/00 CONTINUANCE BY AGREEMENT                     06/23/00
        SHULTZ, LON W
06/23/00 DEFENDANT IN CUSTODY                         00/00/00
        SHULTZ, LON W
06/23/00 PRISONER DATA SHEET TO ISSUE                 00/00/00
        SHULTZ, LON W
06/23/00 CONTINUANCE BY AGREEMENT                     08/11/00
        SHULTZ, LON W
08/11/00 DEFENDANT IN CUSTODY                         00/00/00
        SHULTZ, LON W
08/11/00 PRISONER DATA SHEET TO ISSUE                 00/00/00
        SHULTZ, LON W
08/11/00 CONTINUANCE BY AGREEMENT                     09/22/00
        SHULTZ, LON W
09/22/00 DEFENDANT IN CUSTODY                         00/00/00
        SHULTZ, LON W
09/22/00 PRISONER DATA SHEET TO ISSUE                 00/00/00
        SHULTZ, LON W
09/22/00 MOTION DEFT - CONTINUANCE - MD               09/25/00
        SHULTZ, LON W
09/25/00 DEFENDANT IN CUSTODY                         00/00/00
        SHULTZ, LON W
09/25/00 PRISONER DATA SHEET TO ISSUE                 00/00/00
        SHULTZ, LON W
09/25/00 CONTINUANCE BY AGREEMENT                     10/20/00
        SHULTZ, LON W
10/20/00 DEFENDANT IN CUSTODY                         00/00/00
        SHULTZ, LON W
10/20/00 PRISONER DATA SHEET TO ISSUE                 00/00/00
        SHULTZ, LON W
10/20/00 MOTION DEFT - CONTINUANCE - MD               11/02/00
        SHULTZ, LON W

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS       Page 004

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 99CR2384401

MICHAEL     HILL

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

| | |
|---|---|
| 11/02/00 DEFENDANT IN CUSTODY | 00/00/00 |
| SHULTZ, LON W | |
| 11/02/00 PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| SHULTZ, LON W | |
| 11/02/00 CONTINUANCE BY AGREEMENT | 11/22/00 |
| SHULTZ, LON W | |
| 11/22/00 DEFENDANT IN CUSTODY | 00/00/00 |
| SHULTZ, LON W | |
| 11/22/00 PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| SHULTZ, LON W | |
| 11/22/00 MOTION DEFT - CONTINUANCE - MD | 11/27/00 |
| SHULTZ, LON W | |
| 11/27/00 DEFENDANT IN CUSTODY | 00/00/00 |
| SHULTZ, LON W | |
| 11/27/00 PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| SHULTZ, LON W | |
| 11/27/00 MOTION DEFT - CONTINUANCE - MD | 11/30/00 |
| SHULTZ, LON W | |
| 11/30/00 DEFENDANT IN CUSTODY | 00/00/00 |
| SHULTZ, LON W | |
| 11/30/00 PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| SHULTZ, LON W | |
| 11/30/00 WITNESSES ORDERED TO APPEAR | 00/00/00 |
| SHULTZ, LON W | |
| 11/30/00 CONTINUANCE BY AGREEMENT | 02/14/01 |
| SHULTZ, LON W | |
| 02/14/01 DEFENDANT IN CUSTODY | 00/00/00 |
| CRANE, CLAYTON J. | |
| 02/14/01 PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| CRANE, CLAYTON J. | |
| 02/14/01 WITNESSES ORDERED TO APPEAR | 00/00/00 |
| CRANE, CLAYTON J. | |
| 02/14/01 CONTINUANCE BY AGREEMENT | 03/21/01 |
| CRANE, CLAYTON J. | |
| 03/21/01 DEFENDANT IN CUSTODY | 00/00/00 |
| SHULTZ, LON W | |
| 03/21/01 PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| SHULTZ, LON W | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS       Page 005

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 99CR2384401

    MICHAEL      HILL

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
03/21/01 WITNESSES ORDERED TO APPEAR              00/00/00
         SHULTZ, LON W
03/21/01 TRIAL COMENCED AND CONTINUED             04/03/01
         SHULTZ, LON W
04/03/01 DEFENDANT IN CUSTODY                     00/00/00
         SHULTZ, LON W
04/03/01 PRISONER DATA SHEET TO ISSUE             00/00/00
         SHULTZ, LON W
04/03/01 WITNESSES ORDERED TO APPEAR              00/00/00
         SHULTZ, LON W
04/03/01 TRIAL COMENCED AND CONTINUED             05/03/01
         SHULTZ, LON W
05/03/01 DEFENDANT IN CUSTODY                     00/00/00
         SHULTZ, LON W
05/03/01 PRISONER DATA SHEET TO ISSUE             00/00/00
         SHULTZ, LON W
05/03/01 TRIAL COMENCED AND CONTINUED             06/18/01
         SHULTZ, LON W
06/18/01 DEFENDANT IN CUSTODY                     00/00/00
         SHULTZ, LON W
06/18/01 PRISONER DATA SHEET TO ISSUE             00/00/00
         SHULTZ, LON W
06/18/01 WITNESSES ORDERED TO APPEAR              00/00/00
         SHULTZ, LON W
06/18/01 TRIAL COMENCED AND CONTINUED             07/12/01
         SHULTZ, LON W
07/12/01 DEFENDANT IN CUSTODY                     00/00/00
         SHULTZ, LON W
07/12/01 PRISONER DATA SHEET TO ISSUE             00/00/00
         SHULTZ, LON W
07/12/01 TRIAL COMENCED AND CONTINUED             08/22/01
         SHULTZ, LON W
08/22/01 DEFENDANT IN CUSTODY                     00/00/00
         SHULTZ, LON W.
08/22/01 PRISONER DATA SHEET TO ISSUE             00/00/00
         SHULTZ, LON W
08/22/01 FINDING OF GUILTY                   CALL 00/00/00
         SHULTZ, LON W

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 006

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 99CR2384401

    MICHAEL      HILL

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

| Date | Event | | Date |
|---|---|---|---|
| 08/22/01 | PRE-SENT INVEST. ORD, CONTD TO | | 00/00/00 |
| | SHULTZ, LON W | | |
| 08/22/01 | BAIL REVOKED | | 00/00/00 |
| | SHULTZ, LON W | | |
| 08/22/01 | CONTINUANCE BY ORDER OF COURT | | 09/28/01 |
| | SHULTZ, LON W | | |
| 09/28/01 | DEFENDANT IN CUSTODY | | 00/00/00 |
| | SHULTZ, LON W | | |
| 09/28/01 | PRISONER DATA SHEET TO ISSUE | | 00/00/00 |
| | SHULTZ, LON W | | |
| 09/28/01 | MOTION DEFT - CONTINUANCE - MD | | 10/22/01 |
| | SHULTZ, LON W | | |
| 10/22/01 | RECALL/EXEC SENT TO POLICE AGY | | 00/00/00 |
| 10/22/01 | MOTION DEFENDANT - NEW TRIAL | | 00/00/00 D      2 |
| | SHULTZ, LON W | | |
| 10/22/01 | DEF SENTENCED ILLINOIS DOC | C001 | 00/00/00 |
| | 45 YRS | | |
| | SHULTZ, LON W | | |
| 10/22/01 | CREDIT DEFENDANT FOR TIME SERV | | 00/00/00 |
| | 761 DYS | | |
| | SHULTZ, LON W | | |
| 10/22/01 | ORDER OF CRT, STAY OF MITTIMUS | | 11/08/01 1730 |
| | SHULTZ, LON W | | |
| 10/22/01 | DEF ADVISED OF RIGHT TO APPEAL | | 00/00/00 |
| | SHULTZ, LON W | | |
| 10/22/01 | WARRANT QUASHED | | 00/00/00 |
| | SHULTZ, LON W | | |
| 10/22/01 | CHANGE PRIORITY STATUS | M | 00/00/00 |
| | SHULTZ, LON W | | |
| 11/08/01 | DEFENDANT IN CUSTODY | | 00/00/00 |
| | SHULTZ, LON W | | |
| 11/08/01 | MOTION TO REDUCE SENTENCE | | 00/00/00 D      2 |
| | SHULTZ, LON W | | |
| 11/08/01 | LET MITTIMUS ISSUE/MITT TO ISS | | 00/00/00 |
| | SHULTZ, LON W | | |
| 11/08/01 | CHANGE PRIORITY STATUS | M | 00/00/00 |
| | SHULTZ, LON W | | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      Page 007

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 99CR2384401

        MICHAEL      HILL

              CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
```
11/13/01 NOTICE OF APPEAL FILED, TRNSFR        00/00/00
11/16/01 NOTICE OF NOTICE OF APP MAILED        00/00/00
11/16/01 HEARING DATE ASSIGNED                 11/21/01 1713
11/21/01 PUBLIC DEF APPTD FOR APPEAL           00/00/00
        BIEBEL, PAUL JR.
11/21/01 O/C FREE REPT OF PROCD ORD N/C        00/00/00
        BIEBEL, PAUL JR.
11/21/01 MEMO OF ORDS & NOA PICKED-UP          00/00/00
        BIEBEL, PAUL JR.
12/05/01 REPT OF PRCDS ORD FR CRT RPT          00/00/00
12/10/01 APPELLATE COURT NUMBER ASGND          00/00/00 01-4289
12/12/01 COMMON LAW RECORD PREPARED            00/00/00
12/12/01 CLR RECD BY APP COUNSEL               00/00/00
        PUBLIC DEFENDER
02/19/02 TRANS PROC REC/FILED CLKS OFF         00/00/00
02/21/02 REPORT OF PROCEEDINGS PREPARED        00/00/00
02/28/02 SUPPL REC RECD BY APPL COUNSEL        00/00/00
        MATT MCQUAID
05/16/03 MANDATE FILED                         05/29/03 1701
05/29/03 REVIEW COURT AFFIRMANCE               00/00/00
        WOOD, WILLIAM S.
07/01/04 POST-CONVICTION FILED                 00/00/00
07/01/04 HEARING DATE ASSIGNED                 07/16/04 1701
07/16/04 CASE ASSIGNED                         07/16/04 1730
        BIEBEL, PAUL JR.
07/16/04 CONTINUANCE BY ORDER OF COURT         08/13/04
        CLAPS JOSEPH M
08/13/04 CONTINUANCE BY ORDER OF COURT         08/24/04
        SHULTZ, LON W
08/24/04 POST-CONV PETITION DENIED             00/00/00
        SHULTZ, LON W
08/26/04 NOTIFICATION SENT TO DEFENDANT        00/00/00
02/04/05 REPT OF PRCDS ORD FR CRT RPT          00/00/00
05/10/05 COMMON LAW RECORD PREPARED            00/00/00
05/25/05 CLR RECD BY APP COUNSEL               00/00/00
        STATE APPELLATE DEFENDER
06/29/05 TRANS PROC REC/FILED CLKS OFF         00/00/00
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      Page 008

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 99CR2384401

MICHAEL    HILL

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
07/07/05 REPORT OF PROCEEDINGS PREPARED          00/00/00
07/21/05 REPRT/PROCDS RECD BY APP ATTRY          00/00/00
     STATE APPELLATE DEFENDER
09/14/05 SUPPL REPORT OF PRCD PREPARED           00/00/00
09/15/05 SUPPL REC RECD BY APPL COUNSEL          00/00/00
     STATE APPELLATE DEFENDER
11/17/06 MANDATE FILED                           12/05/06 1701
12/05/06 REVIEW COURT AFFIRMANCE                 00/00/00
     BIEBEL, PAUL JR.



I hereby certify that the foregoing has
been entered of record on the above
captioned case.
Date 05/08/08

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

NOTICE
The text of this order may be
changed or corrected prior to the
time for filing of a Petition for
Rehearing or the disposition of
the same.

FIFTH DIVISION
Filed: 02/28/03

MAY 1 3 2003

CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

No. 1-01-4289

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) | No. 99 CR 23844 |
| MICHAEL HILL, | ) | Honorable Lon W. Shultz, Judge Presiding. |
| Defendant-Appellant. | ) | |

ORDER

Following a bench trial, defendant Michael Hill was found guilty of first degree murder and sentenced to 45 years in prison. Defendant contends that he was not proven guilty beyond a reasonable doubt and that his sentence was excessive.

At trial, the evidence established that at 9 p.m. on July 27, 1999, defendant used an aluminum baseball bat belonging to 10-year-old Demetrius Warren to hit the victim James Shelton in the head. According to Warren, Shelton had rudely bumped into defendant and then said, "Get the fuck out of my way." As the victim walked away, defendant grabbed the bat from a girl named Laticia and hit the victim in the back of the head. Warren then ran to a friend's house but returned later to retrieve the bat. He found the victim lying on the ground, struggling to breathe. Warren testified that the victim had not been wearing a coat and

1-01-4289

had nothing in his hands or at his waist.  Warren identified
defendant in a photo array and later identified him in a lineup.

Kobayashi Wylie testified that when she walked into the area
where the incident occurred, she heard her friend Laticia
screaming.  Wylie turned and saw defendant hit the victim twice
in the head with a silver baseball bat.  When defendant fled in
Wylie's direction, she asked him why he had hit the victim.
Defendant told her to be quiet and continued to run.  Wylie then
approached the victim where he lay bleeding.  She saw nothing
next to the victim other than a pool of blood.

Shazonka Williams testified that at about 9 p.m. on the day
of the incident, she was walking with a friend when she heard
someone say, "Stop."  When she turned, she saw the victim on the
ground with defendant standing over him.  Defendant struck him
once with a silver bat.  She turned and walked away because she
did not want to witness more of the incident.  She saw nothing on
the ground next to the victim.

Teresa Watson testified that just before 9 p.m. she saw the
victim pull his car into the back parking lot of her building.
Because she had a date with him that evening, she left her
apartment to go to his car, but the victim was not there.  She
waited for 10 minutes, but when he did not return, she became
worried and walked to the front of her building where she saw a
group of people and an ambulance.  When she learned that the

- 2 -

1-01-4289

victim had been placed inside the ambulance, she asked police the
whereabouts of his keys and gun.  In the month that she knew the
victim, she had never seen him with a gun, but because the victim
had told her that he was "a detective or investigator or
something like that" she assumed that he carried a gun.

Chicago police officer Jerold Johnson testified that when he
arrived at the scene, he saw the victim lying face down in a pool
of blood.  Other than the blood, he saw nothing next to the
victim.

University of Chicago police officer Donald Jenkins
testified that when he arrived at the scene, he observed
Demetrius Warren and a girl tugging at a baseball bat.  Warren
gained control of the bat and began to walk away.  The officer
stopped him and noted that the bat had a blood stain with some
hair.  Warren was too frightened to explain what had occurred.
The officer took the bat and drove Warren back to the crime
scene.

Chicago police detective Steven Konow interviewed Demetrius
Warren on the night of the incident and then sought an offender
with the nickname of "Mike White" or "Whitey."  A computer check
of the nicknames produced the name of Michael Smith a.k.a.
Michael Hill.  The detective then compiled a computer generated
photo array which included a photo of defendant.  Warren
identified defendant as the assailant.  The detective was unable

1-01-4289

victim had been placed inside the ambulance, she asked police the whereabouts of his keys and gun. In the month that she knew the victim, she had never seen him with a gun, but because the victim had told her that he was "a detective or investigator or something like that" she assumed that he carried a gun.

Chicago police officer Jerold Johnson testified that when he arrived at the scene, he saw the victim lying face down in a pool of blood. Other than the blood, he saw nothing next to the victim.

University of Chicago police officer Donald Jenkins testified that when he arrived at the scene, he observed Demetrius Warren and a girl tugging at a baseball bat. Warren gained control of the bat and began to walk away. The officer stopped him and noted that the bat had a blood stain with some hair. Warren was too frightened to explain what had occurred. The officer took the bat and drove Warren back to the crime scene.

Chicago police detective Steven Konow interviewed Demetrius Warren on the night of the incident and then sought an offender with the nickname of "Mike White" or "Whitey." A computer check of the nicknames produced the name of Michael Smith a.k.a. Michael Hill. The detective then compiled a computer generated photo array which included a photo of defendant. Warren identified defendant as the assailant. The detective was unable

1-01-4289

to locate defendant.  On August 3, 1999, the detective obtained a
warrant for defendant's arrest.  On September 20, 1999, defendant
was arrested in Rockford on an unrelated matter.  On the same
day, Warren identified defendant in a lineup.

The parties stipulated that Dr. James Filkins of the medical
examiner's office would have testified that during the autopsy,
he discovered that the victim's body had 13 external injuries and
7 internal injuries.  The victim died of blunt trauma to the head
due to assault.  The manner of death was homicide.

The parties also stipulated that the victim owned a .38
caliber, blue-steel revolver and had a valid firearm'. card on
the date of his death.  The weapon was never recovered by the
police.

Defendant testified that at 8 p.m. on the date of the
incident, he attempted to visit his girlfriend at 5214½ South
Drexel Avenue but learned that she was not at home.  While he
waited for her outside in the courtyard next to a fence, he
talked with some acquaintances.  He then noticed the victim
walking toward him.  The victim suddenly shoved him into the
fence causing him to hit his head on the fence.  Defendant
testified that the victim then told him to "get the fuck out of
my way; he would fuck me up."  The victim was taller, heavier and
older and had scared him.  As the victim walked away, defendant
told him that "he didn't have to do that."  The victim replied,

- 4 -

1-01-4289

"You young street punks think y'all run shit, but I will fuck you up." The victim then stopped and reached into his waistline so that defendant believed that he was reaching for a gun. Defendant then saw a small boy with a baseball bat, grabbed the bat and hit the victim once or twice until the victim fell. Defendant admitted that he never saw the victim with a gun and that the first time that he hit the victim with the bat, the victim had his back turned toward him. Defendant then ran home where he spoke to his mother. He then went to Rockford where he remained until he was arrested. He denied speaking to Kobayashi Wylie after the incident and denied that he had any problems with her, with Demetrius Warren or Shazonka Williams.

On appeal, defendant first contends that the trial court abused its discretion in sentencing him to 45 years in prison. He asserts that the court failed to consider his young age, his lack of criminal convictions and his rehabilitative potential, and as a result, his sentence was excessive. He also asserts that the court ignored his remorse regarding the incident and instead announced its unsupported belief that if presented again with similar circumstances, defendant would behave in the same manner.

The Unified Code of Corrections provides that the sentence for first degree murder ranges from 20 years to 60 years. 730 ILCS 5/5-8-1(a)(1)(a) (West 1998). Where a sentence is imposed

- 5 -

1-01-4289

within statutory limits, it will not be disturbed on appeal
unless there has been an abuse of discretion. <u>People v.</u>
<u>Gutierrez</u>, 205 Ill. App. 3d 231, 268 (1990). A trial court's
imposition of a sentence is entitled to substantial weight and
deference since it is in the best position to determine the
circumstances of the case, to weigh the credibility of the
witnesses and to evaluate the record made at the hearing in
aggravation and mitigation. <u>People v. Burke</u>, 164 Ill. App. 3d
889, 901 (1987). In order to reach a reasoned determination as to
the proper sentence to impose, the trial court must look to the
particular circumstances of each case and take into consideration
the defendant's credibility, demeanor, general moral character,
mentality, social environment, habits and age. <u>People v.</u>
<u>Heredia</u>, 193 Ill. App. 3d 1073, 1083 (1989). A trial court is not
required to give greater weight to the rehabilitative potential
of the defendant than to the seriousness of the offense. <u>Burke</u>,
164 Ill. App. 3d at 901. See also <u>People v. Costello</u>, 224 Ill.
App. 3d 500, 510 (1992)(a defendant's lack of a prior record is
not controlling, whereas "the seriousness of the crime has been
called the most important factor to be considered in imposing
sentence").

Here, the evidence established that using a baseball bat,
defendant attacked and killed the unarmed victim as the victim
walked away from him. Although the victim had been aggressively

1-01-4289

rude to defendant, none of the witnesses testified that the
victim had threatened immediate harm to defendant. While
defendant testified that the victim threatened to "fuck [him]
up," the trial court was not required to find his testimony
credible. People v. Krueger, 260 Ill. App. 3d 841, 845 (1994).
Additionally, according to Shazonka Williams, defendant hit the
victim with the bat a second time after the victim fell to the
ground and could no longer pose a threat to defendant. We find
that based upon the serious nature of defendant's attack on the
victim, the trial court did not abuse its discretion in
sentencing defendant to 45 years in prison, a sentence well
within the statutory limits. Although defendant believes that
the trial court did not consider his remorse, the record does not
support his belief. After listening to defendant's expression of
remorse prior to sentencing, the trial court stated:

> "I have considered the potential for
> rehabilitation and based on the testimony and
> the demeanor of [defendant] that I observed
> during his testimony and here during his
> statement in his own behalf, I cannot say
> with any great confidence that I sense any
> genuine or sincere remorse for the actions
> that he has undertaken."

Accordingly, we find defendant's argument without merit.

1-01-4289

Next, defendant asks that his conviction be reduced to
second degree murder on the basis that at the time of the
killing, he had an unreasonable belief in the need for self-
defense.  He contends that because none of the witnesses
testified to what occurred between him and the victim in the
moments prior to the beating, his own testimony regarding the
event was not rebutted.  However, contrary to defendant's
assertion, Demetrius Warren did testify to what had occurred just
before the beating.  He stated that it was not until after the
unarmed victim began to walk away from defendant that defendant
grabbed the baseball bat and hit the victim in the back of the
head.

Section 9-2(a)(2) of the Criminal Code (720 ILCS 5/9-
2(a)(2) (West 1998)) provides that first degree murder can be
reduced to second degree murder if the defendant proves by a
preponderance of the evidence that at the time of the killing he
had an unreasonable belief in self-defense.  In order to raise
the claim of self-defense, defendant must show that he was not
the aggressor, the danger of harm was imminent and he actually
believed that danger existed and that the kind of force used was
necessary to avert that danger.  People v. Rivera, 255 Ill. App.
3d 1015, 1023 (1993).

Here, we find that the trial court correctly determined that
under the circumstances described above, defendant could not have

- 8 -

1-01-4289

believed reasonably or unreasonably that the danger of harm was imminent and that the kind of force that he used was necessary to avert that danger.  Accordingly, we find that defendant was proven guilty of first degree murder beyond a reasonable doubt.

For these reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

Reid, J., with Campbell, P.J. and Hartigan, J., concurring.

The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

THIRD DIVISION
April 19, 2006

PETER FISCHER
  VERYL GAMBINO
  JAMES MURPHY

No. 1-04-3459

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

06-382

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 99 CR 23844 |
| | ) | |
| MICHAEL HILL, | ) | Honorable Lon William Shultz, |
| Defendant-Appellant. | ) | Judge Presiding. |

## O R D E R

Defendant, Michael Hill, appeals the trial court's summary dismissal of his pro se petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-2.1 et seq. (West 2004)). On appeal defendant contends that: (1) trial counsel was ineffective for continuing to represent defendant even though he had a conflict of interest; (2) trial counsel failed to investigate a relevant witness; (3) trial counsel agreed to stipulate to certain testimony without defendant's informed consent; (4) appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel claims; and (5) appellate counsel was ineffective for failing to file a petition for leave to appeal. We affirm.

Following a bench trial, defendant was convicted of first-degree murder and sentenced to 45 years' imprisonment.

EXHIBIT C

1-04-3459

The evidence at trial established that at 9 p.m. on July 27, 1999, defendant used an aluminum baseball bat to hit the victim, James Shelton, in the head.  Shelton had rudely bumped into defendant and then said, "Get the f--- out of my way."  As the victim walked away, defendant grabbed the bat and hit the victim in the back of the head.  Three witnesses, Demetrius Warren, Kobayashi Wylie, and Shazonka Williams each testified that they saw defendant strike the victim with the bat.

The parties stipulated that Dr. James Filkins of the medical examiner's office would have testified that during the autopsy, he discovered that the victim's body had 13 external injuries and 7 internal injuries.  He concluded that the victim died of blunt trauma to the head due to assault and that the manner of death was homicide.

Defendant testified that following a confrontation with the victim, he thought the victim was reaching for a gun.  Defendant stated that he grabbed a baseball bat from a small boy and hit the victim once or twice until he fell.  Defendant was subsequently convicted of first-degree murder.

On direct appeal, defendant argued that he was not proven guilty beyond a reasonable doubt and that his sentence was excessive.  This court affirmed defendant's conviction and sentence.  <u>People v. Hill</u>, No. 1-01-4289 (2003) (unpublished order pursuant to Supreme Court Rule 23).

- 2 -

1-04-3459

On July 1, 2004, defendant filed a pro se postconviction petition raising numerous claims of ineffective assistance of trial and appellate counsel.  Relevant to this appeal, defendant claimed that:  (1) his trial counsel, Leonard Schultz, "told [defendant's] family he had a conflict of interest, *** [b]ut instead of letting the court know that he had a conflict, he just cover[ed] it up" by bringing in another attorney, Michael Krejci, to help represent defendant;[1] (2) trial counsel failed to investigate a witness, Kobayashi Wylie, "as to what was said;" (3) trial counsel agreed to stipulated evidence without discussing the agreement with defendant; (4) appellate counsel failed to protect defendant's rights on direct appeal; and (5) appellate counsel failed to file a petition for leave to appeal to the Illinois Supreme Court.

Attached to the petition were the affidavits of defendant, Shirlene Hill, his mother, and Larry Bates, his father. In pertinent part, defendant attested as follows.  Defendant's family hired Schultz to defend him at trial.  However, Schultz decided he had a conflict of interest and brought in Krejci "to fix the conflict after he accepted the money."  Schultz told defendant to tell his family "that [he doesn't] want twelve people to judge [him] that [he doesn't] know."  Additionally,

---

[1]    The petition does not identify the nature of the alleged conflict of interest.

- 3 -

1-04-3459

Krejci stated "we have an attorney with the same name of the
judge[.]"  Defendant "found out that Kobayashi Wylie and her
mother told [his] family that she was picked up from school ***
[and] that her mother didn't know where she was until the day of
the trial."  Defendant further attested that appellate counsel
stated that he would file a leave to appeal to the supreme court,
but failed to do so.

In her affidavit, Shirlene attested as follows.  Schultz
"decided he had a conflict of interest working so close with the
City" and brought in Krejci to represent her son.  Schultz told
defendant that it is "better not to take a bench trial[2] because
[he didn't] want twelve people [he did] not know judging [him]."
Krejci told defendant it is better to take a bench trial because
"he had a lawyer and a judge with the same last name."  Shirlene
informed Krejci that Wylie told her husband that "she in fact did
not see what happened and that she did not want to testify."
Shirlene further attested that defendant's appellate counsel
stated that he would file a petition for leave to appeal, but
failed to do so.

In his affidavit, Bates attested to essentially the same
facts as Shirlene.

---

[2]  Apparently, Shirlene erroneously interchanged the term
"bench trial" with "jury trial."

1-04-3459

Also attached to the petition was a letter from defendant's
appellate counsel which stated that the appellate court affirmed
defendant's conviction and sentence on appeal[3] and that he "will
file a petition for leave to appeal to the Illinois Supreme
Court."

The record does not show that either Schultz or Krejci
informed the court that a conflict of interest existed.

On August 24, 2004, the trial court summarily dismissed
defendant's post-conviction petition.  In addressing defendant's
claim that his trial counsel was ineffective because he failed to
investigate and call witnesses, the trial court noted that
defendant's "claim is merely a vague and conclusory allegation
that is insufficient to grant relief."  Additionally, defendant
failed to provide the names or affidavits from the witnesses that
counsel allegedly failed to investigate and call.  The court
further noted that even assuming arguendo that defendant attached
the necessary documents, his request for relief would still be
denied because decisions concerning which witnesses to call are
generally a matter of trial strategy.

The trial court further noted that defendant's claim of
ineffective assistance of appellate counsel for failing to argue
that trial counsel was ineffective was meritless because the

_____

[3]  The letter states that "the Illinois Appellate Court has
denied your appeal."

- 5 -

1-04-3459

underlying claim of ineffective assistance of trial counsel lacks
support.

On appeal, defendant contends that his pro se petition
raised the gist of a constitutional claim by alleging ineffective
assistance of trial and appellate counsel.

The Act provides that, at the first stage of postconviction
review, the court must determine whether the petition is
frivolous or is patently without merit.  725 ILCS 5/122-2.1(a)(2)
(West 2004).  The court may summarily dismiss the petition if it
does not raise a gist of a constitutional claim.  People v.
Boclair, 202 Ill. 2d 89, 99 (2002).

To succeed on an ineffective assistance of appellate or
trial counsel claim, a defendant must establish that:  (1) his
counsel's performance was deficient, and (2) this performance
prejudiced him in such a way as to create a reasonable
probability that the result of the proceeding would have been
different.  People v. Richardson, 189 Ill. 2d 401, 410-11 (2000),
citing Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed 2d
674, 693, 104 S. Ct. 2052, 2064 (1984).  If a defendant fails to
establish that he suffered prejudice as a result of his
attorney's actions, a reviewing court need not consider whether
counsel's performance was deficient.  See Richardson, 189 Ill. 2d
at 411; People v. Edwards, 355 Ill. App. 3d 1091, 1097 (2005).

1-04-3459

Initially, we note that issues that a defendant could have raised, but did not, are considered waived.  People v. Blair, 215 Ill. 2d 427, 446 (2005).  However, waiver does not apply if the alleged forfeiture stems from the incompetence of appellate counsel.  Blair, 215 Ill. 2d at 450-51.  In the present case, defendant argues that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness.  The State notes that defendant is attempting to circumvent waiver by framing the issue as ineffective assistance of appellate counsel. Waiver aside, defendant's arguments fail on their merits for the reasons that follow.

First, defendant contends that trial counsel was ineffective for continuing to represent him even though he had a conflict of interest.

A criminal defendant's sixth amendment right to effective representation includes the right to conflict-free representation.  People v. Graham, 206 Ill. 2d 465, 472 (2003). A defendant's conviction must be reversed if: (1) defense counsel has an actual or potential conflict of interest stemming from a previous or current commitment to a party with interests adverse to the defendant, and (2) the defendant does not waive the conflict.  Graham, 206 Ill. 2d at 472; People v. Palmer, 352 Ill. App. 3d 877, 885 (2005).

1-04-3459

Here, defendant merely alleged that his trial counsel
Schultz told his family he had a conflict of interest without any
explanation as to what the conflict was or how it affected his
case.  Defendant attached the affidavits of his mother and
father, as well as his own affidavit, to his pro se petition.
However, these affidavits only asserted that Schultz  decided he
had a conflict of interest, that Schultz brought in Krejci to
represent defendant, and that Krejci stated that "we have an
attorney with the same name of the judge[.]"  Based on the record
before us, aside from conclusory allegations and vague
assertions, there are no facts to show that a conflict of
interest existed.  Therefore, we cannot say that defendant raised
the gist of a constitutional claim.  See <u>Palmer</u>, 352 Ill. App. 3d
at 885.

Next, defendant contends that trial counsel was ineffective
for failing to investigate a relevant witness.  Specifically,
defendant contends that both Schultz and Krejci knew that Wylie
recanted her testimony prior to trial and that her mother
believed she was pressured into testifying but failed to
investigate.

Decisions on which witnesses to call on a defendant's behalf
are generally a matter of trial strategy.  <u>People v. Redmond</u>, 341
Ill. App. 3d 498, 516 (2003).  Additionally, a claim that counsel
failed to investigate and call a witness must be supported by an

1-04-3459

affidavit form the proposed witness. <u>People v. Enis</u>, 194 Ill. 2d
361, 380 (2000). In the absence of such an affidavit, a
reviewing court cannot determine whether the proposed witness
could have provided testimony or information favorable to the
defendant, and further review of the claim is not necessary.
<u>Enis</u>, 194 Ill. 2d at 380; <u>Palmer</u>, 352 Ill. App. 3d at 885.

    In the present case, although defendant attached his
affidavit and the affidavits of his mother and father, the
affidavit of the proposed witness, Wylie, was not attached to his
postconviction petition. Accordingly, defendant has failed to
adequately support his claim. <u>Enis</u>, 194 Ill. 2d at 380; <u>Palmer</u>,
352 Ill. App. 3d at 885.

    Furthermore, even if we were to address the substance of
defendant's claim, it would still fail because he has not shown
that the purported recantation testimony of Wylie would have
changed the outcome of the trial. Specifically, even if Wylie's
testimony that she saw defendant hit the victim with a bat were
discredited, two other witnesses, Warren and Williams, testified
that they observed defendant hit the victim with the bat.
Moreover, defendant himself testified at trial that he hit the
victim with a bat. Therefore, defendant cannot demonstrate that
the outcome of his trial would have been different due to the
overwhelming evidence of his guilt. See <u>People v. Sanchez</u>, 169
Ill. 2d 472, 499 (1996) (a defendant is not prejudiced by his

1-04-3459

counsel's performance if there is overwhelming evidence of his
guilt).

Defendant next contends that trial counsel was ineffective
for stipulating to the testimony by Dr. Filkins regarding the
autopsy results of the victim without consulting him.
Specifically, defendant contends that trial counsel's stipulation
affected his credibility because, while he testified that he hit
the victim with a baseball bat once or twice, the stipulated
testimony by Dr. Filkins noted that the victim had 13 external
injuries.

Initially, we note that our supreme court in People v.
Phillips, 217 Ill. 2d 270 (2005), recently held that neither
admonishments nor affirmative evidence of a defendant's consent
to stipulations are required when:

> "(1) defense counsel's decision to stipulate
> appears to have been a matter of trial
> tactics and strategy and defendant does not
> object to counsel's decision and (2) the
> State's entire case is not presented by
> stipulation, the defendant does present or
> preserve a defense, and the stipulation does
> not include a statement that the evidence is
> sufficient to convict."  (Emphasis in
> original.)  Phillips, 217 Ill. 2d at 288.

- 10 -

1-04-3459

Here, the record shows that defense counsel's decision to enter into the stipulation and focus on the cross-examination of eyewitnesses appears to have been a matter of trial tactics and strategy to which defendant did not object, meeting the first Phillips criterion. See Phillips, 217 Ill. 2d at 288. Additionally, the record shows that the State did not present its entire case by stipulation, that defendant offered a defense, and that the stipulation did not include a statement that the evidence was sufficient to convict, meeting the second Phillips criterion. See Phillips, 217 Ill. 2d at 288.

Defendant argues, however, that Phillips involved a direct appeal and did not address the "question of whether an off-the-record consultation is required for a waiver of a defendant's constitutional right to confrontation to be proper." Defendant claims that he stated the gist of a constitutional claim of ineffective assistance of counsel by alleging that counsel stipulated to matters and "didn't explain what he was stipulating too [sic]."

As stated above, a claim of ineffective assistance of counsel requires a showing of prejudice. Here, the petition does not identify any particular stipulation, nor does it state any facts from which this court could conclude that defendant was prejudiced by his attorney's decision to stipulate. At most, in his appellate brief, defendant suggests that counsel was

1-04-3459

incompetent for stipulating to the autopsy report, which showed
13 areas of external injury and was inconsistent with defendant's
testimony that he swung the bat only once or twice. However,
nothing in either defendant's postconviction petition or
appellate brief suggests that the autopsy report was inaccurate
or how cross-examining the medical examiner would have supported
defendant's case. A claim of ineffective assistance requires
more than mere speculation. People v. Wallace, 201 Ill. App. 3d
943, 951 (1990).

Defendant further claims that appellate counsel was
ineffective for failing to raise ineffective assistance of trial
counsel claims.

A defendant who argues that his appellate counsel was
ineffective for failing to raise issues concerning the
ineffective assistance of trial counsel must show that the
failure to raise such issues was objectively unreasonable and
that the decision prejudiced defendant. Enis, 194 Ill. 2d at
384. A defendant suffers no prejudice from appellate counsel's
failure to raise an issue on appeal where the underlying issue is
not meritorious. Enis, 194 Ill. 2d at 388-89.

In the present case, as discussed above, the underlying
ineffective assistance of trial counsel claims were without
merit. Therefore, defendant was not prejudiced by appellate
counsel's failure to raise ineffective assistance of trial

1-04-3459

counsel claims on appeal. <u>Enis</u>, 194 Ill. 2d at 388-89.

Finally, defendant contends that appellate counsel was
ineffective for failing to file a petition for leave to appeal to
the Illinois Supreme Court.

The failure to file an appeal, whether it is an appeal to
the appellate court or the supreme court, can constitute
ineffective assistance of counsel. <u>People v. Franzen</u>, 251 Ill.
App. 3d 813, 821 (1993); <u>People v. Fernandez</u>, 222 Ill. App. 3d
80, 83 (1991). However, the defendant must present adequate
proof that he communicated his desire to appeal to his counsel in
the form of affidavits, records, or other evidence containing
specific facts. <u>Franzen</u>, 251 Ill. App. 3d at 821; <u>Fernandez</u>, 222
Ill. App. 3d at 83. Furthermore, a defendant's petition must
sufficiently allege that counsel was deficient and that he was
prejudiced. <u>Fernandez</u>, 222 Ill. App. 3d at 83.

Here, the evidence offered by defendant to establish that he
communicated his desire to appeal to appellate counsel is a
letter by appellate counsel which stated that the appellate court
affirmed defendant's conviction and sentence on appeal and that
he "will file a petition for leave to appeal to the Illinois
Supreme Court." Additionally, defendant also attached the
affidavits of his mother and father, as well as his own, to his
postconviction petition. These affidavits attested that
appellate counsel stated that he would file a leave to appeal,

- 13 -

1-04-3459

but he failed to do so.

We find that the affidavits and appellate counsel's letter show that appellate counsel was making arrangements for an appeal. However, the record does not specifically show that defendant communicated his desire to appeal. See <u>Franzen</u>, 251 Ill. App. 3d at 821; <u>Fernandez</u>, 222 Ill. App. 3d at 83. Rather, the record shows that defendant was informed that appellate counsel would file a leave to appeal with the supreme court.

Furthermore, even assuming defendant alleged sufficient proof that he communicated his desire to appeal to his counsel, he fails to demonstrate that he was prejudiced. Specifically, because defendant's claims lacked merit, he could not show that the result would have been different had appellate counsel filed an appeal. See <u>Fernandez</u>, 222 Ill. App. 3d at 83.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

KARNEZIS, J., with HOFFMAN, P.J., and ERICKSON, J., concurring.

- 14 -

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,<br>   Plaintiff-Respondent,<br><br>          v.<br><br>MICHAEL HILL,<br>   Defendant-Petitioner. | Post-Conviction<br><br>No.    99 CR 23844 |

## ORDER

On July 1, 2004, **MICHAEL HILL,** (hereinafter, "Petitioner" or "Defendant") pursuant to the Illinois Post Conviction Hearing Act, 725 ILCS 5/122-1 *et. seq.* (West 2002) filed a petition seeking post-conviction relief. As grounds for relief, Petitioner asserts that he received ineffective assistance of counsel, there was insufficient evidence which to convict beyond a reasonable doubt and he received ineffective assistance of appellate counsel. For the reasons that follow, Petitioner's request for relief is **DENIED** and his petition is dismissed as frivolous and patently without merit.

## II.    BACKGROUND

On October 21, 1999, MICHAEL HILL was charged by way of grand jury indictment with two counts of first-degree murder of James Shelton. On March 21, 2001, Defendant was admonished of his rights and thereafter signed a jury waiver form and opted to proceed on the charges pending against him by way of a bench trial. On August 22, 2001, Defendant was found guilty of both counts of first-degree murder. On October 22, 2001, Defendant filed a motion for a new trial, which was subsequently denied and Defendant was sentenced to 45-years in the Illinois Department of Corrections.

On November 13, 2001, Defendant filed notice of his intent to appeal the circuit court decision with the First District Appellate Court. In his direct appeal, Defendant raised two issues: he was not proven guilty beyond a reasonable doubt and that his sentence was excessive. *People v. Hill,* No. 1-01-4289 (2003). Upon reviewing the record, the appellate court concluded that Defendant's argument that his sentence was excessive was without merit. As for Defendant's claim challenging the sufficiency of the evidence, the court concluded that based on

EXHIBIT D

the evidence, Defendant was proven guilty beyond a reasonable doubt. The appellate court ultimately affirmed the judgment of the circuit court. *People v. Hill*, No. 1-01-4289 (2003). The instant petition followed.

## III.   ANALYSIS

The instant proceeding commenced on July 1, 2004, and is now before this court for initial determination of the legal sufficiency of the petition pursuant to Section 122-2.1 of the Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et. seq.* (West 2003); See also *People v. Erickson*, 183 Ill. 2d 213, 222, 700 N.E.2d 1027, 1031-32 (1998). At this stage, the court is simply to determine, within 90-days of its filing and without input from the State, whether the petition is frivolous or patently without merit. *People v. Coleman*, 183 Ill 2d 366, 379, 701 N.E.2d 1063 (1998).

If the court determines that the petition is either frivolous or patently without merit, the court must dismiss the petition in a written order. 725 ILCS 5/122-2.1(a)(2) (West 2002). A post-conviction petition is considered frivolous or patently without merit only if the allegations in the petition, taken as true and liberally construed, fail to present the "gist of a constitutional claim." *People v. Gaultney*, 174 Ill. 2d 410, 418, 221 Ill. Dec. 195, 675 N.E. 2d 102 (1996). The "gist" standard is "a low threshold." *Gaultney*, 174 Ill. 2d at 418. To set forth the "gist" of a constitutional claim, the post-conviction petition "need only present a limited amount of detail" (*Gaultney*, 174 Ill. 2d at 418) and hence need not set forth the claim in its entirety.

The Illinois Post-Conviction Hearing Act (hereinafter, the Act) provides a mechanism by which criminal defendants can assert that their convictions and sentences were the result of a substantial denial of their rights under the United States Constitution, the Illinois Constitution, or both. See 725 ILCS 5/122-1 (West 2003). An action for post-conviction relief is a collateral proceeding and is not an appeal from the underlying judgment. *People v. Mahaffey*, 194 Ill. 2d 154, 170, 252 Ill. Dec. 1, 742 N.E.2d 251 (2000); *People v. Morgan*, 187 Ill. 2d 500, 528, 241 Ill. Dec. 552, 719 N.E.2d 681 (1999). In order to be entitled to post-conviction relief, a defendant must establish a substantial deprivation of federal or state constitutional rights in the proceedings that produced the judgment being challenged. *Morgan*, 187 Ill. 2d at 528; *People v. Tenner*, 175 Ill. 2d 372, 378, 222 Ill. Dec. 325, 677 N.E.2d 859 (1997).

The purpose of a post-conviction proceeding is to permit inquiry into constitutional issues involved in the original conviction and sentence that were not, and could not have been,

adjudicated previously on direct appeal. *People v. Haynes*, 192 Ill. 2d 437, 464, 249 Ill. Dec. 779, 737 N.E.2d 169 (2000); *People v. Towns*, 182 Ill. 2d 491, 502, 231 Ill. Dec. 557, 696 N.E.2d 1128 (1998). Issues that were raised and decided on direct appeal are barred by the doctrine of *res judicata*. *Towns*, 182 Ill. 2d at 502; *People v. Whitehead*, 169 Ill. 2d 355, 371, 215 Ill. Dec. 164, 662 N.E.2d 1304 (1996), *overruled on other grounds, People v. Coleman*, 183 Ill. 2d 366, 233 Ill. Dec. 789, 701 N.E.2d 1063 (1998). Issues that could have been presented on direct appeal, but were not, are waived. *Haynes*, 192 Ill. 2d at 465; *Towns*, 182 Ill. 2d at 503. However, the doctrines of *res judicata* and waiver are relaxed in three situations: where fundamental fairness so requires, where the alleged waiver stems from the incompetence of appellate counsel, or where the facts relating to the claim do not appear on the face of the original appellate record. *Mahaffey*, 194 Ill. 2d at 171; *Whitehead*, 169 Ill. 2d at 371-72.

A defendant filing a post-conviction petition is not entitled to an evidentiary hearing as a matter of right. *Mahaffey*, 194 Ill. 2d at 171; *Whitehead*, 169 Ill. 2d at 370-71. An evidentiary hearing on post-conviction claims is warranted only where the allegations of the post-conviction petition, supported where appropriate by the trial record or accompanying affidavits, make a substantial showing that the defendant's constitutional rights have been violated. *Haynes*, 192 Ill. 2d at 465; *Towns*, 182 Ill. 2d at 503. In determining whether to grant an evidentiary hearing, all well-pleaded facts in the petition and in any accompanying affidavits are taken as true. *People v. Brisbon*, 164 Ill. 2d 236, 244-45, 207 Ill. Dec. 442, 647 N.E.2d 935 (1995); *Towns*, 182 Ill. 2d at 503.

### A.    Substantive Claims

Petitioner first claims that he received ineffective assistance of counsel. Specifically, Petitioner contends that counsel "failed to investigate and call witnesses." Without addressing the merits of Petitioner's claims, this petition fails to set forth the "gist" of a constitutional claim. The instant claim is merely a vague and conclusory allegation that is insufficient to grant relief. Petitioner does not provide the names or affidavits from the witnesses that counsel "failed to investigate and call" making it impossible to assess counsel's performance.

Section 122-2 of the Act clearly states that the petition must be supported by "affidavits, records, or other evidence." 725 ILCS 5/122-2 (West 2003). Petitioner's non-factual and non-specific assertions, which merely amount to conclusions, are not sufficient to require a hearing under the Act. See, *People v. West*, 187 Ill. 2d 418, 426, 719 N.E. 2d 664, 670 (1999).

Notwithstanding this procedural infirmity, assuming *arguendo* that Petitioner attached the necessary documents, Petitioner's request for relief faces other hurdles.

Claims of ineffective assistance of counsel are analyzed under the familiar two-prong standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). To succeed on such a claim, a defendant must prove (i) that his attorney's performance fell below an objective standard of reasonableness, as measured by reference to prevailing professional norms, and (ii) that the substandard representation so prejudiced defendant that there exists a reasonable probability that, absent the errors, the outcome would have been different. *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.

Decisions concerning which witnesses to call at trial and what evidence to present on a defendant's behalf ultimately rest with trial counsel. *People v. Ramey*, 152 Ill. 2d 41, 53-55, 178 Ill. Dec. 19, 604 N.E.2d 275 (1992). These types of decisions have long been viewed as matters of trial strategy, which are generally immune from claims of ineffective assistance of counsel. *People v. West*, 187 Ill. 2d 418, 432. This general rule is predicated upon our recognition that the right to effective assistance of counsel refers to "competent, not perfect representation." *People v. Stewart*, 104 Ill. 2d 463, 492, 85 Ill. Dec. 422, 473 N.E.2d 1227 (1984).

Upon reviewing the record, counsel's strategy cannot be deemed so unsound to conclude that Petitioner was deprived of his constitutional right to effective assistance of counsel. Further, absent specifics as to who would have testified and what they would have testified to, it is impossible to conclude as Petitioner suggests that the there is a "reasonable probability" that the outcome of the trial would have been different. Accordingly, Petitioner's claim of ineffective assistance of counsel must fail.

Petitioner next contends that the verdict of Defendant's guilt is against the manifest weight of the evidence. Petitioner maintains that the State failed to adduce at trial every essential element necessary to convict, that there were too many inconsistencies in the witness' testimony and therefore, the evidence was not sufficient to support Defendant's guilt beyond a reasonable doubt. Petitioner is incorrect in this assertion. Furthermore, Defendant raised this very claim in his direct appeal: "Defendant contends that he was not proven guilty beyond a reasonable doubt [.]" *People v. Hill*, No. 1-01-4289 (2003).

Upon thoroughly reviewing the record, the appellate court concluded that, under the circumstances, Defendant "could not have believed reasonably or unreasonably that the danger

4

of harm was imminent and that the kind of force that he used was necessary to avert that danger. Accordingly, we find that defendant was proven guilty of first-degree murder beyond a reasonable doubt." *Id.*

Because Petitioner has had an opportunity to raise the aforementioned claim in his direct appeal and the issue has been fully considered on the merits, Petitioner is now barred by the doctrine of *res judicata* from raising this issue now. *Towns,* 182 Ill. 2d at 502. Accordingly, Petitioner's claim that he was not proven guilty beyond a reasonable doubt must fail as it is without merit.

Lastly, Petitioner contends that he received ineffective assistance of appellate counsel because appellate counsel failed to argue that trial counsel was ineffective. This argument is a non sequitur and is utterly without merit. Because Petitioner's underlying claim of ineffective assistance of counsel lacks support, Petitioner's claim of ineffective assistance of appellate counsel also lacks support. Accordingly, Petitioner's claim of ineffective assistance of appellate counsel must likewise fail.

## IV.    CONCLUSION

Based on the foregoing discussion the court finds that the matters raised by Petitioner are frivolous and patently without merit. Accordingly, the petition for post-conviction relief shall be and is hereby dismissed. Petitioner's motion for the appointment of counsel and to proceed in *forma pauperis* is likewise denied.

ENTERED:        

Hon. Lon William Shultz (mck-8/04)
Circuit Court of Cook County
Criminal Division

DATE:        8 - 24 - 2004

ENTERED
TIME_____ AM
                PM
AUG 24 2004
Judge Lon William Shultz
Dorothy Brown
Clerk of the Circuit Court
Criminal Division
Deputy Clerk Signature

5

102843

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

September 27, 2006

Hon. Lisa Madigan
Attorney General, Criminal Appeals Div.
100 West Randolph St., 12th Floor
Chicago, IL 60601

No. 102843 - People State of Illinois, respondent, v. Michael
              Hill, petitioner.  Leave to appeal, Appellate
              Court, First District.

     The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.

     The mandate of this Court will issue to the Appellate Court

on November 2, 2006.

EXHIBIT E