IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
AUG 22 2008
AUG 22 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States of America ex rel.  )
Micheal Hill,                     )
                                  )         08cv1452
        Petitioner,               )         Judge Kendall
                                  )         Magistrate Judge Denlow
vs.                               )
                                  )
                                  )
Terry McCann, Warden              )
Stateville Correctional Center,   )
        Respondent.               )

### RESPONSE TO MOTION TO DISMISS

  **NOW COMES**, the Petitioner, Micheal Hill, pursuant to 28 U.S.C sec. 2254, and moves this Honorable court to deny the Respondent's motion to dismiss.

In support of this motion the Petitioner states:

1. The Petitioner is ignorant to the law and it's procedures for the commencement of the one year filing deadline.

2. The Petitioner was misled by his retained counsel, Matthew McQuaid, into believing that a petition for leave to appeal was filed in the Illinois Supreme Court, (see Exhibit A). Counsel later admitted to doing Petitioner's appeal based Solely on information provided to him by Petitioner's trial counsel and counsel admitted to being at fault for not filing a P.L.A. on Petitioner's behalf. (see Exhibit B).

3. Therefore, the Petitioner was whiting for a denial of that petition before he filed any other petition.

4. However, a petition for Leave to Appeal was never filed and the Petitioner was forced to file a petition for Post-Conviction Relief on July 1, 2004.

5. The Petitioner's Post-Conviction petition was dismissed. The petition was not dismissed due to untimeliness. The Petitioner did raise claim of Ineffective Assistance of Counsel due to a conflict of interest in hes Post-Conviction petition, however, this issue was not addressed by the trial judge.

6. Petitioner appealed the trial court's summarily dismissal of his PC Appellate counsel, Kerry Goettsch, was assigned to represent Petitioner on his appeal to the Illinois Appellate Court. Petitioner explained the facts relating to his claim of ineffective assistance of trial counsel to Mr. Goettsch on the phone and through mail. Petitioner's appointed appellate counsel proceeded to file an appeal that did not state

the facts relating to the claim of Ineffective Assistance of Trial Counsel due to a conflict of interest. (see Exhibit C). The state appellate court affirmed the trial court's summarily dismissal of Petitioner's PC on April 19, 2006.

7. The Petitioner filed a P.L.A. to the Illinois Supreme Court. That petition was denied on September 27, 2006.

8. The Petitioner then filed a State Habeas Corpus petition that was denied on September 14, 2007.

In conclusion, the petitioner acknowledges that his ignorance of the law is no excuse for his untimeliness, however, Petitioner prays this Honorable court willconsider his attorney's, Matthew McQuaid, decption and ineptness in failing to file P.L.A. on Petitioner's behalf as he indicated he would, and consider Petitioner's meritorious claims raised in his petition for Habeas Corpus relief that clearly show a substantial violation of his constitutional rights and excuse his lateness for the sake of fundamental fairness.

RESPECTFULLY SUBMITTED,

*Micheal Hill*

Micheal Hill
Reg. no. R-08259
P.O. BOX 112
Joliet, IL 60434

Subscribed and Sworn to before me this 18th day of August, 2008.

*Jill E. Hosselton*

"OFFICIAL SEAL"
JILL E. HOSSELTON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3/16/09

TABLE OF CONTENTS FOR EXHIBITS

**EXHIBIT A** : Letter from appellate indicating he would file P.L.A.

**EXHIBIT B** : Letter from appellate counsel admitting fault for not filing P.L.A.

**EXHIBIT C** : State Appellate Court order.

Exibit -A-

**MATTHEW J. McQUAID**
ATTORNEY AT LAW
53 WEST JACKSON BOULEVARD
SUITE 1420
CHICAGO, ILLINOIS 60604
(312) 726-9015
PAGER: (312) 272-2019
CELL: (312) 952-6524

3/24/03

Michael,

The Illinois Appellate Court has denied your appeal. I have enclosed their order. I will file a petition for leave to appeal to the Illinois Supreme Court.

*[signature: Matt McQuaid]*

**MATTHEW J. McQUAID**
ATTORNEY AT LAW
53 WEST JACKSON BOULEVARD
SUITE 1420
CHICAGO, ILLINOIS 60604
(312) 726-9015
Cell: (312) 952-6524

Exibit -B-

August 4, 2008

Michael Hill R-08259
P.O. Box 112
Stateville C.C.
Joliet, Illinois 60434

Dear Michael,

I have received your letter. I have some recollection of your case. I have read the brief you sent. I believe I spoke with Michael Krejci in regards to writing your appeal. He and Mr. Schultz were your lawyers. You took a bench trial in front of Judge Schultz. I raised the only issues that I could reasonably argue to the Appellate Court. If a P.L.A. was not filed, that would have been my responsibility. However, I cannot remember what happened or the circumstances.

Sincerely,

Matt

NOTICE

The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same. /Goettsch

THIRD DIVISION
April 19, 2006

Exibit-C

No. 1-04-3459

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) | No. 99 CR 23844 |
| MICHAEL HILL, | ) | Honorable Lon William Shultz, |
| Defendant-Appellant. | ) | Judge Presiding. |

O R D E R

Defendant, Michael Hill, appeals the trial court's summary dismissal of his pro se petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-2.1 et seq. (West 2004)). On appeal defendant contends that: (1) trial counsel was ineffective for continuing to represent defendant even though he had a conflict of interest; (2) trial counsel failed to investigate a relevant witness; (3) trial counsel agreed to stipulate to certain testimony without defendant's informed consent; (4) appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel claims; and (5) appellate counsel was ineffective for failing to file a petition for leave to appeal. We affirm.

Following a bench trial, defendant was convicted of first-degree murder and sentenced to 45 years' imprisonment.

1-04-3459

The evidence at trial established that at 9 p.m. on July 27, 1999, defendant used an aluminum baseball bat to hit the victim, James Shelton, in the head. Shelton had rudely bumped into defendant and then said, "Get the f--- out of my way." As the victim walked away, defendant grabbed the bat and hit the victim in the back of the head. Three witnesses, Demetrius Warren, Kobayashi Wylie, and Shazonka Williams each testified that they saw defendant strike the victim with the bat.

The parties stipulated that Dr. James Filkins of the medical examiner's office would have testified that during the autopsy, he discovered that the victim's body had 13 external injuries and 7 internal injuries. He concluded that the victim died of blunt trauma to the head due to assault and that the manner of death was homicide.

Defendant testified that following a confrontation with the victim, he thought the victim was reaching for a gun. Defendant stated that he grabbed a baseball bat from a small boy and hit the victim once or twice until he fell. Defendant was subsequently convicted of first-degree murder.

On direct appeal, defendant argued that he was not proven guilty beyond a reasonable doubt and that his sentence was excessive. This court affirmed defendant's conviction and sentence. People v. Hill, No. 1-01-4289 (2003) (unpublished order pursuant to Supreme Court Rule 23).

1-04-3459

On July 1, 2004, defendant filed a pro se postconviction petition raising numerous claims of ineffective assistance of trial and appellate counsel. Relevant to this appeal, defendant claimed that: (1) his trial counsel, Leonard Schultz, "told [defendant's] family he had a conflict of interest, *** [b]ut instead of letting the court know that he had a conflict, he just cover[ed] it up" by bringing in another attorney, Michael Krejci, to help represent defendant;[1] (2) trial counsel failed to investigate a witness, Kobayashi Wylie, "as to what was said;" (3) trial counsel agreed to stipulated evidence without discussing the agreement with defendant; (4) appellate counsel failed to protect defendant's rights on direct appeal; and (5) appellate counsel failed to file a petition for leave to appeal to the Illinois Supreme Court.

Attached to the petition were the affidavits of defendant, Shirlene Hill, his mother, and Larry Bates, his father. In pertinent part, defendant attested as follows. Defendant's family hired Schultz to defend him at trial. However, Schultz decided he had a conflict of interest and brought in Krejci "to fix the conflict after he accepted the money." Schultz told defendant to tell his family "that [he doesn't] want twelve people to judge [him] that [he doesn't] know." Additionally,

---

[1] The petition does not identify the nature of the alleged conflict of interest.

- 3 -

1-04-3459

Krejci stated "we have an attorney with the same name of the judge[.]" Defendant "found out that Kobayashi Wylie and her mother told [his] family that she was picked up from school *** [and] that her mother didn't know where she was until the day of the trial." Defendant further attested that appellate counsel stated that he would file a leave to appeal to the supreme court, but failed to do so.

In her affidavit, Shirlene attested as follows. Schultz "decided he had a conflict of interest working so close with the City" and brought in Krejci to represent her son. Schultz told defendant that it is "better not to take a bench trial[2] because [he didn't] want twelve people [he did] not know judging [him]." Krejci told defendant it is better to take a bench trial because "he had a lawyer and a judge with the same last name." Shirlene informed Krejci that Wylie told her husband that "she in fact did not see what happened and that she did not want to testify." Shirlene further attested that defendant's appellate counsel stated that he would file a petition for leave to appeal, but failed to do so.

In his affidavit, Bates attested to essentially the same facts as Shirlene.

---

[2] Apparently, Shirlene erroneously interchanged the term "bench trial" with "jury trial."

- 4 -

1-04-3459

Also attached to the petition was a letter from defendant's appellate counsel which stated that the appellate court affirmed defendant's conviction and sentence on appeal[3] and that he "will file a petition for leave to appeal to the Illinois Supreme Court."

The record does not show that either Schultz or Krejci informed the court that a conflict of interest existed.

On August 24, 2004, the trial court summarily dismissed defendant's post-conviction petition. In addressing defendant's claim that his trial counsel was ineffective because he failed to investigate and call witnesses, the trial court noted that defendant's "claim is merely a vague and conclusory allegation that is insufficient to grant relief." Additionally, defendant failed to provide the names or affidavits from the witnesses that counsel allegedly failed to investigate and call. The court further noted that even assuming arguendo that defendant attached the necessary documents, his request for relief would still be denied because decisions concerning which witnesses to call are generally a matter of trial strategy.

The trial court further noted that defendant's claim of ineffective assistance of appellate counsel for failing to argue that trial counsel was ineffective was meritless because the

---

[3] The letter states that "the Illinois Appellate Court has denied your appeal."

- 5 -

1-04-3459

underlying claim of ineffective assistance of trial counsel lacks support.

On appeal, defendant contends that his pro se petition raised the gist of a constitutional claim by alleging ineffective assistance of trial and appellate counsel.

The Act provides that, at the first stage of postconviction review, the court must determine whether the petition is frivolous or is patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2004). The court may summarily dismiss the petition if it does not raise a gist of a constitutional claim. People v. Boclair, 202 Ill. 2d 89, 99 (2002).

To succeed on an ineffective assistance of appellate or trial counsel claim, a defendant must establish that: (1) his counsel's performance was deficient, and (2) this performance prejudiced him in such a way as to create a reasonable probability that the result of the proceeding would have been different. People v. Richardson, 189 Ill. 2d 401, 410-11 (2000), citing Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). If a defendant fails to establish that he suffered prejudice as a result of his attorney's actions, a reviewing court need not consider whether counsel's performance was deficient. See Richardson, 189 Ill. 2d at 411; People v. Edwards, 355 Ill. App. 3d 1091, 1097 (2005).

1-04-3459

Initially, we note that issues that a defendant could have raised, but did not, are considered waived. People v. Blair, 215 Ill. 2d 427, 446 (2005). However, waiver does not apply if the alleged forfeiture stems from the incompetence of appellate counsel. Blair, 215 Ill. 2d at 450-51. In the present case, defendant argues that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness. The State notes that defendant is attempting to circumvent waiver by framing the issue as ineffective assistance of appellate counsel. Waiver aside, defendant's arguments fail on their merits for the reasons that follow.

First, defendant contends that trial counsel was ineffective for continuing to represent him even though he had a conflict of interest.

A criminal defendant's sixth amendment right to effective representation includes the right to conflict-free representation. People v. Graham, 206 Ill. 2d 465, 472 (2003). A defendant's conviction must be reversed if: (1) defense counsel has an actual or potential conflict of interest stemming from a previous or current commitment to a party with interests adverse to the defendant, and (2) the defendant does not waive the conflict. Graham, 206 Ill. 2d at 472; People v. Palmer, 352 Ill. App. 3d 877, 885 (2005).

1-04-3459

Here, defendant merely alleged that his trial counsel Schultz told his family he had a conflict of interest without any explanation as to what the conflict was or how it affected his case. Defendant attached the affidavits of his mother and father, as well as his own affidavit, to his pro se petition. However, these affidavits only asserted that Schultz decided he had a conflict of interest, that Schultz brought in Krejci to represent defendant, and that Krejci stated that "we have an attorney with the same name of the judge[.]" Based on the record before us, aside from conclusory allegations and vague assertions, there are no facts to show that a conflict of interest existed. Therefore, we cannot say that defendant raised the gist of a constitutional claim. See Palmer, 352 Ill. App. 3d at 885.

Next, defendant contends that trial counsel was ineffective for failing to investigate a relevant witness. Specifically, defendant contends that both Schultz and Krejci knew that Wylie recanted her testimony prior to trial and that her mother believed she was pressured into testifying but failed to investigate.

Decisions on which witnesses to call on a defendant's behalf are generally a matter of trial strategy. People v. Redmond, 341 Ill. App. 3d 498, 516 (2003). Additionally, a claim that counsel failed to investigate and call a witness must be supported by an

1-04-3459

affidavit form the proposed witness. People v. Enis, 194 Ill. 2d 361, 380 (2000). In the absence of such an affidavit, a reviewing court cannot determine whether the proposed witness could have provided testimony or information favorable to the defendant, and further review of the claim is not necessary. Enis, 194 Ill. 2d at 380; Palmer, 352 Ill. App. 3d at 885.

In the present case, although defendant attached his affidavit and the affidavits of his mother and father, the affidavit of the proposed witness, Wylie, was not attached to his postconviction petition. Accordingly, defendant has failed to adequately support his claim. Enis, 194 Ill. 2d at 380; Palmer, 352 Ill. App. 3d at 885.

Furthermore, even if we were to address the substance of defendant's claim, it would still fail because he has not shown that the purported recantation testimony of Wylie would have changed the outcome of the trial. Specifically, even if Wylie's testimony that she saw defendant hit the victim with a bat were discredited, two other witnesses, Warren and Williams, testified that they observed defendant hit the victim with the bat. Moreover, defendant himself testified at trial that he hit the victim with a bat. Therefore, defendant cannot demonstrate that the outcome of his trial would have been different due to the overwhelming evidence of his guilt. See People v. Sanchez, 169 Ill. 2d 472, 499 (1996) (a defendant is not prejudiced by his

1-04-3459

counsel's performance if there is overwhelming evidence of his guilt).

Defendant next contends that trial counsel was ineffective for stipulating to the testimony by Dr. Filkins regarding the autopsy results of the victim without consulting him. Specifically, defendant contends that trial counsel's stipulation affected his credibility because, while he testified that he hit the victim with a baseball bat once or twice, the stipulated testimony by Dr. Filkins noted that the victim had 13 external injuries.

Initially, we note that our supreme court in People v. Phillips, 217 Ill. 2d 270 (2005), recently held that neither admonishments nor affirmative evidence of a defendant's consent to stipulations are required when:

> "(1) defense counsel's decision to stipulate appears to have been a matter of trial tactics and strategy and defendant does not object to counsel's decision and (2) the State's entire case is not presented by stipulation, the defendant does present or preserve a defense, and the stipulation does not include a statement that the evidence is sufficient to convict." *(Emphasis in original.) Phillips, 217 Ill. 2d at 288.

- 10 -

1-04-3459

Here, the record shows that defense counsel's decision to enter into the stipulation and focus on the cross-examination of eyewitnesses appears to have been a matter of trial tactics and strategy to which defendant did not object, meeting the first *Phillips* criterion. See *Phillips*, 217 Ill. 2d at 288. Additionally, the record shows that the State did not present its entire case by stipulation, that defendant offered a defense, and that the stipulation did not include a statement that the evidence was sufficient to convict, meeting the second *Phillips* criterion. See *Phillips*, 217 Ill. 2d at 288.

Defendant argues, however, that *Phillips* involved a direct appeal and did not address the "question of whether an off-the-record consultation is required for a waiver of a defendant's constitutional right to confrontation to be proper." Defendant claims that he stated the gist of a constitutional claim of ineffective assistance of counsel by alleging that counsel stipulated to matters and "didn't explain what he was stipulating too [*sic*]."

As stated above, a claim of ineffective assistance of counsel requires a showing of prejudice. Here, the petition does not identify any particular stipulation, nor does it state any facts from which this court could conclude that defendant was prejudiced by his attorney's decision to stipulate. At most, in his appellate brief, defendant suggests that counsel was

1-04-3459

incompetent for stipulating to the autopsy report, which showed 13 areas of external injury and was inconsistent with defendant's testimony that he swung the bat only once or twice. However, nothing in either defendant's postconviction petition or appellate brief suggests that the autopsy report was inaccurate or how cross-examining the medical examiner would have supported defendant's case. A claim of ineffective assistance requires more than mere speculation. People v. Wallace, 201 Ill. App. 3d 943, 951 (1990).

Defendant further claims that appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel claims.

A defendant who argues that his appellate counsel was ineffective for failing to raise issues concerning the ineffective assistance of trial counsel must show that the failure to raise such issues was objectively unreasonable and that the decision prejudiced defendant. Enis, 194 Ill. 2d at 384. A defendant suffers no prejudice from appellate counsel's failure to raise an issue on appeal where the underlying issue is not meritorious. Enis, 194 Ill. 2d at 388-89.

In the present case, as discussed above, the underlying ineffective assistance of trial counsel claims were without merit. Therefore, defendant was not prejudiced by appellate counsel's failure to raise ineffective assistance of trial

- 12 -

1-04-3459

counsel claims on appeal. Enis, 194 Ill. 2d at 388-89.

Finally, defendant contends that appellate counsel was ineffective for failing to file a petition for leave to appeal to the Illinois Supreme Court.

The failure to file an appeal, whether it is an appeal to the appellate court or the supreme court, can constitute ineffective assistance of counsel. People v. Franzen, 251 Ill. App. 3d 813, 821 (1993); People v. Fernandez, 222 Ill. App. 3d 80, 83 (1991). However, the defendant must present adequate proof that he communicated his desire to appeal to his counsel in the form of affidavits, records, or other evidence containing specific facts. Franzen, 251 Ill. App. 3d at 821; Fernandez, 222 Ill. App. 3d at 83. Furthermore, a defendant's petition must sufficiently allege that counsel was deficient and that he was prejudiced. Fernandez, 222 Ill. App. 3d at 83.

Here, the evidence offered by defendant to establish that he communicated his desire to appeal to appellate counsel is a letter by appellate counsel which stated that the appellate court affirmed defendant's conviction and sentence on appeal and that he "will file a petition for leave to appeal to the Illinois Supreme Court." Additionally, defendant also attached the affidavits of his mother and father, as well as his own, to his postconviction petition. These affidavits attested that appellate counsel stated that he would file a leave to appeal,

1-04-3459

but he failed to do so.

We find that the affidavits and appellate counsel's letter show that appellate counsel was making arrangements for an appeal. However, the record does not specifically show that defendant communicated his desire to appeal. See Franzen, 251 Ill. App. 3d at 821; Fernandez, 222 Ill. App. 3d at 83. Rather, the record shows that defendant was informed that appellate counsel would file a leave to appeal with the supreme court.

Furthermore, even assuming defendant alleged sufficient proof that he communicated his desire to appeal to his counsel, he fails to demonstrate that he was prejudiced. Specifically, because defendant's claims lacked merit, he could not show that the result would have been different had appellate counsel filed an appeal. See Fernandez, 222 Ill. App. 3d at 83.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

KARNEZIS, J., with HOFFMAN, P.J., and ERICKSON, J., concurring.

```
              IN THE
      UNITED STATES DISTRICT COURT
      NORTHERN DISTRICT OF ILLINOIS
             EASTERN DIVISION
```

United States of America exrel.  )
MICHAEL HILL,                    )
                                 )
              PETITIONER,        )    NO. 08 C 1452
                                 )
      -VS-                       )
TERRY McCANN, Warden             )    The Honorable
Stateville Correctional Center,  )    Virginia M. Kendall
                                 )    Judge Presiding.
              RESPONDENT.        )

### CERTIFICATE OF SERVICE

I hereby certify that on _____ ,2008 , I mailed via the institutional mail service the attached RESPONSE TO MOTION TO DISMISS to the clerk of the United States District court for the Northern District of Illinois ,and I hereby certify that I have mailed the document to the following:

>Eldad z. Malamuth
>Assistant Attorney General
>100 West Randolph Street, 12th floor
>Chicago, Illinois 60601-3218

>RESPECTFULLY,
>Michael Hill