IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel.<br>  MICHAEL HILL, | )<br>)<br>) | |
|                 Petitioner, | )<br>) | |
|                   v. | )<br>) | No. 08 C 1452 |
| TERRY MCCANN, Warden,<br>  Stateville Correctional Center, | )<br>)<br>) | The Honorable<br>Virginia M. Kendall, |
|                 Respondent. | ) | Judge Presiding. |

## REPLY TO RESPONSE TO MOTION TO DISMISS

Pursuant to this Court's August 27, 2008 Order (Doc. 20), respondent files this reply to petitioner's response (Doc. 17) to respondent's motion to dismiss (Doc. 13).

1.    In his motion to dismiss, respondent established that petitioner's instant habeas petition was filed after the expiration of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). Doc. 13 ¶¶ 11-13.

2.    Petitioner does not contest that his petition was untimely filed. *See* Doc. 17 at 2 ("the petitioner acknowledges that his ignorance of the law is no excuse for his untimeliness . . ."). Instead, petitioner argues that his untimeliness should be excused because he is "ignorant" of the law and he thought that his counsel on direct appeal in the state courts was going to file a petition for leave to appeal on his behalf. *See id.* at 1-2.

3. But, as pointed out in respondent's motion to dismiss, it is well-settled that petitioner's ignorance of law and alleged non-responsiveness of his attorney do not warrant equitable tolling. *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001); *see also Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (petitioner was not entitled to equitable tolling even though an "organization called University Legal Services falsely promised to prepare and file his habeas petition"); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) (lack of legal expertise, bad lawyering, or mistakes of law do not excuse late habeas petition under equitable tolling doctrine); *Williams v. Sims*, 390 F.3d 958, 963-64 (7th Cir. 2004) (same). Equitable tolling is available only when "extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition," and multiple Seventh Circuit precedents instruct that the facts alleged by petitioner do not rise to that level. *See Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir. 2005).

4. Further, 16 months elapsed between the date the appellate court affirmed petitioner's conviction and the date he filed his state postconvicition petition (PC). *See* Doc. 13 Exhs. B, D. In contrast, petitioner had only 21 days from the entry of the state appellate court's judgment to file a PLA in the Supreme Court of Illinois, unless he filed an affidavit of intent to file a PLA, which would extend his time to file a PLA to a total of 35 days. *See* Ill. Sup. Ct. R. 315(b) (West 2004). Allowing an additional 15 months to elapse after a PLA petition was due to file in state court a challenge to his conviction is not the kind of diligence equitable tolling

requires.  *See Daniels*, *Daniels v. Uchtman*, 421 F.3d 490, 492 (7th Cir. 2005) ("Section 2244(d)(1)(D) requires the petitioner to exercise due diligence in discovering the factual basis for his claims.").

    5.    Finally, the petition would be untimely even without the time that elapsed between the state appellate court's judgment and the filing of the state PC. The Supreme Court of Illinois denied petitioner's PC PLA on September 27, 2006. Doc. 13 Exh. E.  The limitations period was not tolled during the 90-day period in which petitioner could have filed, but did not file, a petition for writ of certiorari in the United States Supreme Court.  *Gildon v. Bowen*, 384 F.3d 883, 885-86 (7th Cir. 2004); *see also Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1083 (2007) (petition for writ of certiorari filed after state postconviction review process does not toll AEDPA statute of limitations under Section 2244(d)(2)). On July 6, 2007, 282 days after the denial of the PC PLA, petitioner filed a petition for habeas relief in state court, *see* 735 ILCS 5/10-101, *et seq.*, which was denied on September 14, 2007. Pet. at 4; Doc. 17 at 2.  Petitioner did not appeal that denial within the 35 days he was then allotted (*see* Pet. at 4; Ill. Sup. Ct. R. 315(b) (West 2008), so the habeas proceedings were final no later 35 days later, on October 19, 2007.  *Cf. Owens v. Boyd*, 235 F.3d 356, 357 (7th Cir. 2000) ("the conclusion of direct review occurred . . . thirty-five after the state's appellate court affirmed his conviction and sentence").  On March 4, 2008, petitioner filed the instant petition.  Between

October 19, 2007, 35 days following the denial of the habeas petition, and March 4, 2008, another 137 non-tolled days elapsed.

6.     Thus, with 282 days between the denial of petitioner's PC PLA and the filing of the state habeas petition, and 137 days between the end of the state habeas proceedings and the filing of the instant petition, 419 non-tolled days elapsed just in the time following the conclusion of his state PC proceedings, well over the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

7.     In the end, petitioner has not demonstrated extraordinary facts necessary for this Court to equitably toll the 16 months that elapsed between the date his conviction became final and the filing of the state PC, and his petition would be untimely even if that period were not taken into account.

## CONCLUSION

This Court should dismiss with prejudice petitioner's petition for writ of habeas corpus because it is time-barred under 28 U.S.C. § 2244(d)(1)(A).

September 11, 2008                          Respectfully submitted,

                                                                              LISA MADIGAN
                                                                              Attorney General of Illinois

                                        By:    s/ Eldad Z. Malamuth
                                                           ELDAD Z. MALAMUTH, Bar # 6275421
                                                           Assistant Attorney General
                                                          100 West Randolph Street, 12th Floor
                                                          Chicago, Illinois 60601-3218
                                                          TELEPHONE: (312) 814-2235
                                                          FAX: (312) 814-2253
                                                          E-MAIL: emalamuth@atg.state.il.us

## **CERTIFICATE OF SERVICE**

      I certify that on September 11, 2008, I electronically filed respondent's **REPLY TO RESPONSE TO MOTION TO DISMISS** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same date mailed copies of this document via the United States Postal Service to the following non-CM/ECF user:

    Michael Hill
    R08259
    Stateville Correctional Center
    Route 53
    P.O. Box 112
    Joliet, Illinois 60434.


                                    s/ Eldad Z. Malamuth
                                    ELDAD Z. MALAMUTH, Bar # 6275421
                                    Assistant Attorney General
                                    100 West Randolph Street, 12th Floor
                                    Chicago, Illinois 60601-3218
                                    TELEPHONE: (312) 814-2235
                                    FAX: (312) 814-2253
                                    E-MAIL: emalamuth@atg.state.il.us